### 36705. HUMPHREY et al. v. LANGFORD.

BOWLES, Justice.

The Humphreys are the former owners of a South Carolina heating and air conditioning business. Langford purchased the business at a time when all parties were residents of South Carolina. The contract of sale was executed in South Carolina. Subsequently the Humphreys moved to Bryan County, Georgia, and instituted this lawsuit in Chatham County, Georgia concerning the sales agreement. Langford, still a resident of South Carolina, was in Chatham County one day to bowl. While there, he was served with the complaint and summons in this case.

Langford filed a motion to dismiss the action alleging lack of personal jurisdiction and improper venue. Code Ann. § 15-202 provides, "The jurisdiction of this State and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners." The trial court relying on Shaffer v. Heitner, 433 U. S. 186 (97 SC 2569, 53 LE2d 683) (1977) found that "insofar as Ga. Code Ann. Sec. 15-202 (1971) allows jurisdiction to be based solely on temporary presence, it is inconsistent with the due process clause of the Fourteenth Amendment and unconstitutional." This case squarely presents the issue of whether or not personal jurisdiction based solely upon service of process within the forum, an unquestioned basis of jurisdiction for many years, is still valid.

Shaffer v. Heitner, supra, involved a shareholder's derivative suit brought in Delaware, the state of incorporation of the Greyhound Corp., the business sued. Also named as defendants were Greyhound Lines, Inc., a wholly owned subsidiary, and 28 present or former officers or directors of one or both corporations. Since the individual defendants were non-residents of Delaware, the plaintiff, Heitner, filed a motion for and obtained an order of sequestration of certain Delaware property of the individual defendants (their corporate stock) to assure their appearance in the suit. In evaluating the constitutionality of Delaware's assertion of jurisdiction over the defendants' property and thereby over the non-resident defendants themselves, the Supreme Court held that "all assertions of

state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny." 443 U. S. at 212. The Court, finding no "minimum contacts" between the individual defendants and Delaware, found Delaware's assertion of jurisdiction over them unconstitutional.

Langford, in the case at bar, would have us hold that because mere presence[1] of property within a forum is not sufficient to confer jurisdiction on its courts, then by analogy, mere presence of the person is not sufficient either. This we decline to do.

"Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. Pennoyer v. Neff, 95 U. S. 714, 733. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, *if he be not present* within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' Milliken v. Meyer, 311 U. S. 457, 463. (Other citations omitted.)" International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). (Emphasis supplied.)

As this quoted language indicates, International Shoe does not cast doubt on the notion that presence is still a sufficient basis for jurisdiction, it simply states a rule of "minimum contacts" as an alternative to "presence." International Shoe illustrates the problems with dealing with the "fiction" of the corporate personality. Corporate presence can only be manifested by corporate activity and therefore a minimum contacts analysis seems appropriate. However, when an individual is personally served within the state, we are talking about *actual* presence. Minimum contacts analysis is not necessary. It could be forcefully argued, however, that personal presence in a state fulfills the minimum contacts requirement.

Shaffer, adopting the minimum contacts test of International Shoe, also dealt with jurisdiction over defendants not personally served within the forum state. In analyzing the practical effect of in rem jurisdiction, Shaffer recognized that "the phrase 'judicial jurisdiction over a thing,' is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing." 433 U. S. at 207.

---

[1] We use the term "mere presence" to distinguish this Shaffer-type of property from property which could be the "minimum contact" a defendant has with a state.

Applying this same concept to quasi in rem jurisdiction, when "the only role played by the property is to provide the basis for bringing the defendant into court, . . . if a direct assertion of personal jurisdiction over the defendant would violate the Constitution, it would seem that an indirect assertion of that jurisdiction should be equally impermissible." 433 U. S. at 209. In Shaffer, the presence of the property in the forum state was not sufficient to confer personal jurisdiction over the defendants. The defendants had no minimum contacts with the forum state (even the property in this case did not constitute a minimum contact). Shaffer does not tell us what the result would have been had any defendants been personally served with process while in Delaware. Under our view of International Shoe, minimum contacts analysis would not have been necessary.

Three cases decided since Shaffer, Kulko v. California Superior Court, 436 U. S. 84 (98 SC 1690, 56 LE2d 132) (1978), World-Wide Volkswagen Corp. v. Woodson, 444 U. S. 286 (100 SC 559) (1980) and Rush v. Savchuk, 444 U. S. 320 (100 SC 571) (1980) all contain broad, general language about minimum contacts lifted from Shaffer and International Shoe but nevertheless all three cases involved defendants who were not personally served within the forum state. To our knowledge, the United States Supreme Court has yet to reach the issue.

We are aware the various commentators have suggested that Shaffer represented the end of jurisdiction merely by personal service on a transient within the forum. We, however, believe that there are compelling reasons to uphold such jurisdiction rather than strike it down based upon cases which do not mandate such a result. We believe that it is not practical to have classifications of sojourners in the state. Where does a court draw the line between sojourners here for an evening of bowling and sojourners who commute to the state on a daily basis? Some individuals are constant or perennial sojourners. Some have no identifiable place of residence. Still others are able to avoid personal service by remaining away from an otherwise identifiable place of abode. Others to avoid a responsibility can terminate on a moment's notice a legal residence and otherwise disrupt the judicial process. Others can terminate residence in a forum favorable to the plaintiff and establish residence in a forum considered favorable to the defendant. One of two joint obligors may never be reached with process where they are residents of different states, and there is no basis for federal court jurisdiction, if it were not for a sojourner jurisdiction rule. If they cannot be sued where they are found, they may not be sued at all. Due process is not solely for the protection of the judicial defendant. Plaintiffs have rights that must also be protected. A balancing of rights appears constitutionally fair.

When a sojourner is sued in this state, the plaintiff does not select the venue. The venue is where the defendant *is* of his own volition and is served. See McPherson v. McPherson, 238 Ga. 271, 272 (232 SE2d 552) (1977) and *Campbell v. Campbell,* 67 Ga. 423 (1881). This sovereign, state has an adequate court system and is capable of rendering justice between litigants as well as any court system. A party who is obligated on a transitory cause of action and who is a sojourner to this state, is required to abide by the laws of this state and could expect to be protected by those laws as well. To accept the state's benefits and to avoid its responsibilities creates an imbalance which we cannot recognize. For these reasons we do not believe Langford's due process rights are being violated by requiring him to defend this lawsuit in this state.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1980 — DECIDED DECEMBER 16, 1980 — REHEARING DENIED JANUARY 6, 1981.

*James K. Lange, William R. Waldrop,* for appellants.
*Gerald M. Edenfield, Susan E. Warren,* for appellee.