42074. HUTTO v. PLAGENS.
(330 SE2d 341)

WELTNER, Justice.

The parties were divorced in South Carolina in 1975. The wife was awarded custody of the children with the husband retaining reasonable visitation rights. She subsequently moved to Gwinnett County, Georgia. The husband, while a resident of South Carolina, was visiting his children in Georgia when he was served with a petition for modification of child support. Jurisdiction over him was

based upon OCGA § 50-2-21, which states: "The jurisdiction of this state and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners."

The trial court granted the husband's motion to dismiss, ruling that South Carolina was a more convenient forum in which to litigate the issues. We granted the wife's application to appeal.

1. In *Humphrey v. Langford*, 246 Ga. 732 (273 SE2d 22) (1980), we reiterated the long-standing principle that service of process on a nonresident person who is physically present in the state, albeit briefly, is a sufficient basis for *in personam* jurisdiction.

"The law seems to be that a suitor or a witness in attendance upon the trial of any case in court, is privileged from arrest under any civil process, and is exempted from the service of any writ or summons upon him or them while in attendance upon such court, or in going to or returning therefrom." *Thornton v. American Writing Machine Co.*, 83 Ga. 288, 290 (9 SE 679) (1889).

"While the rule announced by courts generally as to exemption from service of civil process of a foreign party or witness in attendance upon the trial of a case is based upon the principle of allowing a party a fair opportunity to try his case and to develop the justice of it (if it be assumed to be in full force in this State), yet it is not to be extended so far as to exempt all persons voluntarily coming within the jurisdiction of the court from being served, merely because they may come to consult with attorneys, or to investigate transactions, or otherwise attend to matters which may become the subject of litigation, or which may eventually reach a trial. If this were done, persons who had extensive business interests in different jurisdictions, by frequent conferences with their attorneys, and frequent discussions of the facts of their business transactions or lawsuits, might become almost perpetually immune from suits. The chief aim of the rule is to give a fair and uninterrupted trial, not to give uninterrupted immunity to a litigant because he may have a case on the dockets of the court." *Vaughn v. Boyd*, 142 Ga. 230, 235 (82 SE 576) (1914).

Thus, no other exception to such service has been recognized. "We are aware the various commentators have suggested that [*Shaffer v. Heitner*, 433 U. S. 186 (97 SC 2569, 53 LE2d 683) (1977)] represented the end of jurisdiction merely by personal service on a transient within the forum. We, however, believe that there are compelling reasons to uphold such jurisdiction rather than strike it down based upon cases which do not mandate such a result. We believe that it is not practical to have classifications of sojourners in the state." 246 Ga. at 734.

The husband was served properly while sojourning in this state.

2. The wife failed to verify and attach to the petition an exemplified copy of the divorce decree. Although she sought to amend her

petition, the trial court held that the wife's failure to domesticate the judgment of the South Carolina court was a non-amendable defect.

OCGA § 9-11-15 (a) provides that a party "may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." The right to amend is properly broad, and there is no prohibition against pleading a new cause of action, *Dalton Carpet Indus., Inc. v. Chilivis,* 137 Ga. App. 266 (233 SE2d 460) (1976), nor against verifying a pleading previously filed, *Rigby v. Powell,* 233 Ga. 158 (210 SE2d 696) (1974). A plea for domestication of a foreign divorce decree may be asserted in the same action in which modification of that decree is sought, *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979).

The wife's petition is amendable as a matter of right prior to entry of a pretrial order.

3. In *Blue,* supra, we held that Georgia courts may modify a foreign divorce decree if domesticated. "Modification of a sister state decree does not offend the full faith and credit clause so long as the decree is modifiable by the rendering state." 243 Ga. at 23. The Code of Laws of South Carolina § 20-3-170 permits modification whenever "the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed. . . ." Hence, Georgia courts may, if the circumstances so warrant, modify the requirements of a South Carolina decree.

*Judgment reversed. All the Justices concur, except Smith and Bell, JJ., who dissent as to Division 1 of the opinion and the judgment.*

DECIDED MAY 28, 1985 —
REHEARING DENIED JUNE 28, 1985.

*Rees R. Smith,* for appellant.
*Ellisa Garrett,* for appellee.