CHARLES R. LOCKERT v. BILLIE E. BREEDLOVE AND ABED ZAKARIA

No. 182A87

(Filed 5 November 1987)

Process § 8— personal service on nonresident individual in state—claim of insufficient minimum contacts

    The trial court properly denied defendant Breedlove's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(2), where defendant was personally served in North Carolina but claimed insufficient minimum contacts. A close reading of *International Shoe Co. v. Washington*, 326 U.S. 310, and later cases reveals that the United States Supreme Court has not abolished the transient rule of jurisdiction. N.C.G.S. § 1-75.4(1)(a).

ON appeal from a decision of the Court of Appeals, reported without published opinion, 84 N.C. App. 701, 354 S.E. 2d 34 (1987), which affirmed an order entered by *John, J.,* on 24 July 1986 in Superior Court, ROWAN County. Heard in the Supreme Court 8 September 1987.

*Wishart, Norris, Henninger & Pittman, P.A., by Diana Evans Ricketts, for the plaintiff appellee.*

*Corriher, Whitley, Busby, Dooley & Locklear, by Robert F. Busby and James H. Dooley, Jr., for the defendant appellant Breedlove.*

MITCHELL, Justice.

The sole issue before us is whether the Court of Appeals erred in affirming the trial court's denial of a motion to dismiss this action due to lack of personal jurisdiction over the defendant, Billie E. Breedlove. We conclude that the trial court had personal jurisdiction over the defendant Breedlove pursuant to N.C.G.S. § 1-75.4(1)(a). Therefore, we affirm the decision of the Court of Appeals.

The trial court's findings of fact which are determinative of the single issue before us on appeal are uncontested. The plaintiff, Charles R. Lockert, a resident of Rowan County, North Carolina, brought this suit against the defendants, Billie E. Breedlove and Abed Zakaria, seeking to recover the balance due on a promissory note signed by the defendants. The defendant Zakaria was never located or served in connection with this action.

On 31 January 1986, Breedlove was present in North Carolina and was personally served a copy of the summons and complaint in this action in accordance with N.C.G.S. § 1A-1, Rule 4(j1). Breedlove does not contend that the process or manner of service was insufficient or that her presence in the state was procured by trick, fraud or deceit.

The defendant Breedlove filed a motion to dismiss this action pursuant to N.C.G.S. § 1A-1, Rule 12(b)(2) and the due process clause of the fourteenth amendment to the Constitution of the United States. She alleged that the trial court did not have personal jurisdiction over her because she did not have sufficient minimum contacts with the State of North Carolina. The trial court denied her motion to dismiss.

Breedlove appealed to the Court of Appeals assigning as error the trial court's order denying her motion to dismiss for lack of personal jurisdiction. The Court of Appeals affirmed the trial

court's order. The defendant Breedlove appeals to this Court under N.C.G.S. § 7A-30(1).

N.C.G.S. § 1-75.4(1)(a) allows the courts of this State to exercise *in personam* jurisdiction over a person served pursuant to Rule 4(j) or Rule 4(j1) of the North Carolina Rules of Civil Procedure "[i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party . . . [i]s a natural person present within this State . . . ." N.C.G.S. § 1-75.4(1)(a) (1983). Breedlove was duly served with process pursuant to Rule 4(j1) while she was in Salisbury, North Carolina on 31 January 1986. These facts bring this case squarely within the terms of N.C.G.S. § 1-75.4(1)(a). Nevertheless, Breedlove argues that for a state to exercise personal jurisdiction over a nonresident defendant in any case, certain "minimum contacts" as defined in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945) must exist between the nonresident defendant and the forum state. She further contends that mere service of process within the forum state neither complies with nor supplants the constitutional requirement of minimum contacts.

This Court has consistently applied the minimum contacts analysis articulated in *International Shoe* to cases in which nonresident defendants were served with process outside the forum state. *See, e.g., Tom Togs, Inc. v. Ben Elias Inds. Corp.*, 318 N.C. 361, 348 S.E. 2d 782 (1986); *United Buying Group, Inc. v. Coleman*, 296 N.C. 510, 251 S.E. 2d 610 (1979). We conclude that such minimum contacts analysis is not necessary, however, when the defendant is personally served while present within the forum state.

The defendant would have us hold that the presence of a person in the forum state is not sufficient to confer jurisdiction upon its courts. We are aware that some courts have made sweeping pronouncements to the effect that minimum contacts analysis is required in all cases in which the defendant is a nonresident of the forum state. *See, e.g., Waffenschmidt v. Mackay*, 763 F. 2d 711 (5th Cir. 1985), *cert. denied, Waffenschmidt v. First Nat'l Bank of Mount Vernon*, 474 U.S. 1056, 88 L.Ed. 2d 771 (1986); *Harold M. Pitman Co. v. Typecraft Software, Ltd.*, 626 F. Supp. 305 (N.D. Ill. 1986); *Mohler v. Dorado Wings, Inc.*, 675 S.W. 2d 404

(Ky. Ct. App. 1984). We conclude, however, that such cases are contrary to the Supreme Court's holdings in *International Shoe* and its progeny. We hold that the minimum contacts test is inapplicable to cases in which the defendant is personally served within the forum state. *See, e.g., Amusement Equipment, Inc. v. Mordelt,* 779 F. 2d 264 (5th Cir. 1985); *Opert v. Schmid,* 535 F. Supp. 591 (S.D.N.Y. 1982); *Aluminal Indus., Inc. v. Newtown Commercial Assoc.,* 89 F.R.D. 326 (S.D.N.Y. 1980); *Hutto v. Plagens* 254 Ga. 512, 330 S.E. 2d 341 (1985); *Humphrey v. Langford,* 246 Ga. 732, 273 S.E. 2d 22 (1980); *In re Marriage of Pridemore,* 146 Ill. App. 3d 990, 497 N.E. 2d 818 (1986).

In *Pennoyer v. Neff,* 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1878), the Supreme Court recognized that eminent jurists long had agreed that personal jurisdiction could be acquired solely by service of process on the defendant in the forum state. The Court relied upon Justice McLean's statement that "[j]urisdiction is acquired in one of two modes;—first, as against the person of the defendant, by the service of process; or secondly, by a procedure against the property of the defendant, within the jurisdiction of the court." 95 U.S. (5 Otto) at 724, 24 L.Ed. at 569 (1878) (quoting *Boswell's Lessee v. Otis,* 50 U.S. (9 How.) 336, 348, 13 L.Ed. 164, 169 (1850) ). The *Pennoyer* Court also relied upon Justice Story's statement that " '[w]here a party is within a territory, he may justly be subjected to its process, and bound by the judgment pronounced on such process against him.' " 95 U.S. (5 Otto) at 724, 24 L.Ed. at 569 (quoting *Picquet v. Swan,* 5 Mason 35 (1828) (No. 11,134) ). Accordingly, the *Pennoyer* Court recognized, *inter alia,* what came to be known as the transient rule of jurisdiction whereby mere service of process upon a nonresident present in the forum state was sufficient to establish personal jurisdiction.

After *Shaffer v. Heitner,* 433 U.S. 186, 53 L.Ed. 2d 683 (1977), in which the Supreme Court extended the minimum contacts requirements of *International Shoe* to assertions of *quasi in rem* jurisdiction, some commentators began to express doubt as to whether the assertion of personal jurisdiction over nonresidents based solely on service of process upon them within the forum state was still proper. *See, e.g.,* Bernstine, *Shaffer v. Heitner: A Death Warrant for the Transient Rule of In Personam Jurisdiction,* 25 Vill. L. Rev. 38 (1979-80); Vernon, *Single-Factor Bases of In Personam Jurisdiction—A Speculation on the Impact of Shaf-*

*fer v. Heitner*, 63 Iowa L. Rev. 997 (1978). We conclude, however, that a close reading of *International Shoe* and later cases reveals that the Supreme Court has not abolished the transient rule of jurisdiction.

In *International Shoe*, the Court stated:

> Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him. *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565, 572. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, *if he be not present within the territory of the forum*, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278. (Other citations omitted.)

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 101-02 (1945) (emphasis added). The language of *International Shoe* did not sound a death knell for the transient rule of jurisdiction; rather, it set out an alternative means of establishing personal jurisdiction when the defendant is "not present within the territory of the forum." 326 U.S. at 316, 90 L.Ed. at 101-02.

We note that the Supreme Court cases applying the *International Shoe* minimum contacts analysis have involved substituted process within the state, service of process outside of the state, or both. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 85 L.Ed. 2d 528 (1985) (service outside the state—defendants appeared specially); *Calder v. Jones*, 465 U.S. 783, 79 L.Ed. 2d 804 (1984) (service outside the state—defendants appeared specially); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 80 L.Ed. 2d 404 (1984) (probably both—defendants appeared specially); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L.Ed. 2d 490 (1980) (probably both—defendants appeared specially); *Hanson v. Denckla*, 357 U.S. 235, 2 L.Ed. 2d 1283 (1958) (service outside the state); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 2 L.Ed. 2d 223 (1957) (both). None of these cases in-

volved service of process on a defendant while the defendant was present in the forum state. *But cf. Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 96 L.Ed. 485 (1952) (due process did not require decision on jurisdiction in case where nonresident *corporation* served through an officer in the forum state). Our research reveals no instance in which the Supreme Court has applied the "minimum contacts" requirement of *International Shoe* in a case in which the defendant was personally served while in the forum state. We conclude that the Supreme Court has not required any such "minimum contacts" analysis when a state asserts jurisdiction over a person who has been personally served with process while within its borders. Neither *International Shoe* nor its progeny have questioned the constitutionality of a state's exercise of personal jurisdiction based solely on personal service within its borders. *Accord Oxmans' Erwin Meat Co. v. Blacketer,* 86 Wis. 2d 683, 687-88, 273 N.W. 2d 285, 286 (1979).

The requirement that a court have personal jurisdiction is, of course, mandated by the concept of due process. *Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 72 L.Ed. 2d 492 (1982). Due process requires that the party over whom jurisdiction is exercised be given adequate notice of the suit. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313-14, 94 L.Ed. 865 (1950). Further, due process requires that "the maintenance of the suit . . . not offend 'traditional notions of fair play and substantial justice.'" *Insurance Corp. of Ireland,* 456 U.S. at 703, 72 L.Ed. 2d at 501-02 (quoting *International Shoe,* 326 U.S. at 316, 90 L.Ed. at 102).

In cases such as the present case, the defendant is given adequate notice of the suit by way of actual service of process upon her. Furthermore, maintenance of such a suit in the state in which personal service of process upon the defendant is achieved is entirely fair and just. *See Pennoyer,* 95 U.S. at 733-34, 24 L.Ed. at 572. As Justice Stevens stated in his concurring opinion in *Shaffer v. Heitner,* "If I visit another State . . ., I knowingly assume some risk that the State will exercise its power over . . . my person while there. My contact with the State, though minimal, gives rise to predictable risks." 433 U.S. at 218, 53 L.Ed. 2d at 706 (Stevens, J., concurring). When a nonresident is served in the forum state, the opposing party is not the one who selects the venue; rather, the venue is where the nonresident defendant is of

his own volition and is served. *Humphrey v. Langford*, 246 Ga. 732, 735, 273 S.E. 2d 22, 24 (1980).

For the foregoing reasons, we hold that the rule continues to be that personal service on a nonresident party, at a time when that party is present in the forum state, suffices in and of itself to confer personal jurisdiction over that party. Accordingly, the decision of the Court of Appeals affirming the trial court's denial of the defendant's motion to dismiss is affirmed.

Affirmed.