JACKIE DWAYNE JENKINS v. KAY DAVIS JENKINS (BRIDGES)

No. 8728DC871

(Filed 19 April 1988)

**1. Process § 8— personal service on nonresident in this state**

A nonresident defendant's personal service within this state is itself sufficient to confer personal jurisdiction under N.C.G.S. § 1-75.4(1)(a), and the minimum contacts test of due process is therefore inapplicable in such circumstances.

**2. Divorce and Alimony § 26— foreign divorce decree—registration in North Carolina—modification by North Carolina court proper**

There was no merit to respondent's contention that only a Tennessee court could modify a Tennessee divorce decree to increase respondent's child support obligation, since the parties' divorce decree was registered in Buncombe County pursuant to the provisions of N.C.G.S. § 52A-29, and registration allowed the decree to be treated as any other support order issued by a North Carolina court.

APPEAL by plaintiff-respondent from *Fowler (Earl J.), Judge.* Order entered 14 July 1987 in District Court, BUNCOMBE County. Heard in the Court of Appeals 4 February 1988.

*Gum and Hillier, P.A., by Howard L. Gum, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

GREENE, Judge.

This appeal arises from the denial of a motion to dismiss a child support action for lack of personal and subject matter jurisdiction. The trial court found, among other things, that the parties divorced in 1984 pursuant to a Tennessee divorce decree which incorporated an agreement providing for child support. After the divorce, the husband (plaintiff in the Tennessee action and hereinafter called "respondent") moved to Georgia where he still resides. The respondent owned no real property in North Carolina. In 1987, the wife (defendant in the Tennessee action and hereinafter called "movant") registered the Tennessee decree in the Office of the Clerk of Superior Court of Buncombe County, North Carolina pursuant to N.C.G.S. Sec. 52A *et seq.* (1984). She subsequently moved to modify the divorce decree in order to increase respondent's child support obligation. Notice of the hear-

ing and a copy of the motion were mailed to the husband's residence in Georgia. He was also served with process while temporarily in North Carolina for a brief visit in connection with his employment. The Buncombe County District Court denied respondent's motion to dismiss for lack of personal and subject matter jurisdiction. The court specifically found that respondent had "minimum contacts" with the state of North Carolina. Pursuant to his right of immediate review under N.C.G.S. Sec. 1-277(b) (1983), respondent appeals the court's denial of his motion to dismiss this action for lack of jurisdiction.

These facts present the following issues: I) where a nonresident respondent was personally served with notice of an action to increase his child support obligation, whether the district court acquired personal jurisdiction of respondent under N.C.G.S. Sec. 1-75.4(1)(a) (1983) despite respondent's arguable lack of "minimum contacts" with the state; and II) whether the district court had subject matter jurisdiction under N.C.G.S. Sec. 52A (1984) to increase respondent's child support obligation under a Tennessee divorce decree.

I

[1] Under these facts, the district court concluded respondent had "minimum contacts" with North Carolina such that the court had personal jurisdiction of respondent under N.C.G.S. Sec. 1-75.4 (1983). *Cf. International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945) (setting forth minimum contacts test of due process); *see generally Tom Togs, Inc. v. Ben Elias Inds. Corp.*, 318 N.C. 361, 365, 348 S.E. 2d 782, 786 (1986). However, it is not disputed that respondent was served with process while in North Carolina. Therefore, we need not determine whether the court's finding minimum contacts was proper since our Supreme Court has recently held that a nonresident defendant's personal service within this state is itself sufficient to confer personal jurisdiction under Section 1-75.4(1)(a). *Lockert v. Breedlove*, 321 N.C. 66, 361 S.E. 2d 581 (1987). In *Lockert*, a nonresident defendant was served with process while present in North Carolina. Rejecting defendant's claim that dismissal for lack of minimum contacts was appropriate, the *Lockert* Court reasoned that the minimum contacts test of due process set forth in *International*

*Shoe* and later cases is inapplicable where the defendant is served in the forum state:

> In *Pennoyer v. Neff* [citation omitted] . . . the . . . Court recognized, *inter alia,* what came to be known as the transient rule of jurisdiction whereby mere service of process upon a nonresident present in the forum state was sufficient to establish personal jurisdiction. . . . We conclude . . . that a close reading of *International Shoe* and later cases reveals that the Supreme Court has not abolished the transient rule of jurisdiction . . . [R]ather it set out an alternative means of establishing personal jurisdiction when the defendant is 'not present within the territory of the forum.' [Citation omitted] . . . For the foregoing reasons, we hold that the rule continues to be personal service on a nonresident party, at a time when that party is present in the forum state, suffices in and of itself to confer personal jurisdiction over that party.

321 N.C. at 69-72, 361 S.E. 2d at 583-85.

As there is no dispute that respondent was served with process while in North Carolina, we must accordingly conclude under *Lockert* that such service within the state conferred personal jurisdiction over respondent under Section 1-75.4(1)(a).

II

[2] Respondent also argues that only a Tennessee court could modify the Tennessee divorce decree to increase respondent's child support obligation. We disagree. Respondent concedes the parties' divorce decree was registered in Buncombe County pursuant to the provisions of N.C.G.S. Sec. 52A-29 (1984). Under Section 52A-30(a), registration of the decree allows it to be treated as any other support order issued by a North Carolina court: "[o]nce the order is so treated, [either party] may request modifications in the order . . . ." *Pinner v. Pinner,* 33 N.C. App. 204, 207, 234 S.E. 2d 633, 636 (1977).

As the Buncombe County District Court therefore had both personal and subject matter jurisdiction in this action, respondent's assignments of error are rejected and the court's denial of respondent's motion to dismiss for lack of jurisdiction is

Affirmed.

Judges WELLS and EAGLES concur.