MARY GREY HOLLAND MORRIS v. GLENWOOD EUGENE MORRIS

No. 8811DC204

(Filed 20 September 1988)

**Divorce and Alimony § 26.3— Virginia child support order—in personam and subject matter jurisdiction in North Carolina court**

    The district court erred in concluding that it did not have jurisdiction over the subject matter or the parties where plaintiff sought modification of a Virginia child support order; plaintiff and her children resided in North Carolina; N.C.G.S. § 50-13.7(b) gave the court subject matter jurisdiction; and defendant was personally served at his place of business in Pasquotank County, thus giving the court personal jurisdiction over him.

APPEAL by plaintiff from *Christian (William A.), Judge.* Order entered in open court on 29 September 1987 and signed 14 October 1987 in District Court, HARNETT County. Heard in the Court of Appeals 30 August 1988.

The parties were married on 3 August 1968 and were divorced on 23 May 1986 by decree of the Circuit Court of the City of Portsmouth, Virginia. By agreement incorporated in the court order, the parties have joint legal custody of their three minor children. Initially, defendant had physical custody of the children subject to the children's right to choose in the summer of 1986 the party with whom they wished to live. At the time this action was instituted, all three children were living with plaintiff in Harnett County, North Carolina.

The Virginia decree also ordered defendant to pay, in accordance with the parties' agreement, $333.00 per month per child for support. The record does not indicate whether this child support order was ever registered in North Carolina as a foreign support order under the Uniform Reciprocal Enforcement of Support Act. G.S. Chap. 52A. On 13 April 1987, the Virginia court denied plaintiff's petition for an increase in the amount of child support. On 11 June 1987, plaintiff filed the complaint in the instant case in District Court, Harnett County, seeking modification of the Virginia child support order. Defendant, a Virginia resident, was personally served at his place of business in Pasquotank County. The district court concluded that the Virginia court had jurisdiction over the parties, the children and the issues of support and custody of the children. The district court also found that it did

not have such jurisdiction and allowed defendant's motions to dismiss. Plaintiff appeals.

*Bain & Marshall, by Elaine F. Marshall, for plaintiff-appellant.*

*W. Glenn Johnson for defendant-appellee.*

SMITH, Judge.

Plaintiff assigns error to the order dismissing her complaint and to the sufficiency of the evidence, findings of fact and conclusions of law to support the order. We hold that the trial court erred by dismissing the claim and reverse.

The district court concluded that it did "not have jurisdiction over the issues of custody and support of the minor children born to the marriage of the plaintiff and the defendant, and jurisdiction in this matter should be declined . . . as a matter of law." Plaintiff contends the district court erred by dismissing her complaint. We agree.

We note that plaintiff's petition contains no request regarding custody or modification of the custody order. Therefore, G.S. Chap. 50A has no application.

Our legislature has provided for modification of foreign child support orders. G.S. 50-13.7(b). This statute provides in part:

> When an order for support of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support which modifies or supersedes such order for support, subject to the limitations of G.S. 50-13.10.

Defendant contends, in part, that the use of the word "may" in this statute authorizes the trial court in the exercise of its discretion to refuse to exercise its jurisdiction. Defendant misconstrues the statute. We interpret the word "may" to authorize the trial judge to enter an order of modification upon a showing of changed circumstances.

To be entitled to modification under this statute, plaintiff must show both jurisdiction and changed circumstances. *Hopkins*

*v. Hopkins,* 8 N.C. App. 162, 174 S.E. 2d 103 (1970). Both subject matter jurisdiction and personal jurisdiction are present in this case. The statute itself gives North Carolina courts subject matter jurisdiction to modify child support orders entered by another state. G.S. 50-13.7(b).

> 'It is true that one State cannot directly modify the provisions of a divorce decree of a sister State relating to child support. However, the State, upon gaining jurisdiction of the husband in personam, may enter a new order for child support which increases the amount that would have been payable prospectively under the divorce decree where the divorce court has the power to do so; and the State may declare that in this respect the decree of the divorce court shall be superseded by the new order. The full faith and credit clause does not forbid this result; the foreign decree has no constitutional claim to a greater effect outside the State than it has within the State.'

*Thomas v. Thomas,* 248 N.C. 269, 272, 103 S.E. 2d 371, 373 (1958), *quoting* 17A Am. Jur., Divorce and Separation, section 982, page 165. Personal service in North Carolina upon the nonresident defendant confers personal jurisdiction over him. *Jenkins v. Jenkins,* 89 N.C. App. 705, 367 S.E. 2d 4 (1988). Plaintiff has thus shown jurisdiction and may invoke G.S. 50-13.7(b).

Article IV, Section 1 of the United States Constitution requires that the 13 April 1987 Virginia order denying modification of the original child support order be given full faith and credit in North Carolina subject to modification under G.S. 50-13.7(b). *Thomas v. Thomas, supra.* Thus, whether plaintiff is entitled to relief under the statute depends on her ability to show changed circumstances since the 13 April 1987 Virginia order was entered; that issue is not before this court and must be considered by the trial court on remand.

Having determined that the trial court had jurisdiction over the subject matter and the parties, the order of the district court is reversed.

Reversed and remanded.

Judges EAGLES and ORR concur.