PETE CARIAGA, Petitioner, *v.* EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, and the HONORABLE JAMES A. BRENNAN, DISTRICT JUDGE, Respondent, and HARRIET KARATZ, Real Party in Interest.

No. 18682

October 24, 1988        762 P.2d 886

*Beckley, Singleton, DeLanoy, Jemison & List,* and *C. Eric Funston* and *Daniel F. Polsenberg,* Las Vegas, for Petitioner.

*Thomas M. Burns,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

On September 4, 1987, real party in interest Harriet Karatz filed in the district court a complaint against petitioner Pete Cariaga seeking recovery for personal injuries sustained by Karatz in a slip and fall accident at Cariaga's home in California. According to the complaint, Cariaga is a resident of San Diego, California, and Karatz is a resident of Las Vegas.

On September 6, 1987, Karatz served Cariaga with a copy of the summons and complaint while Cariaga was in Las Vegas visiting friends. Thereafter, on November 3, 1987, Cariaga moved the district court to quash service of process, contending that he lacked sufficient minimum contacts with the state of Nevada to justify the exercise of personal jurisdiction over him by the Nevada courts. Specifically, Cariaga argued that Nevada courts could not exercise personal jurisdiction over him based solely on the fact that he was served with process in this state.

[Headnote 1]

In opposition to the motion, Karatz argued that a "minimum contacts analysis" applies only to the exercise of long-arm jurisdiction. Because Cariaga was served with process while in this state, Karatz argued that a showing of minimum contacts was unnecessary and that the district court could exercise personal jurisdiction over Cariaga based on his presence within Nevada. The district court denied Cariaga's motion to quash, and this proceeding followed. Extraordinary relief is available to challenge an order denying a motion to quash service of process. *See* Shapiro v. Pavlikowski, 98 Nev. 548, 654 P.2d 1030 (1982).

In his petition, Cariaga argues, as he did below, that he lacks sufficient contacts with the state of Nevada to justify the exercise of personal jurisdiction over him by the Nevada courts. Cariaga asserts that by coming to Las Vegas as a tourist, he did not purposely avail himself of the privilege of conducting activities in the state of Nevada. Further, Cariaga observes that Karatz's claim against him did not arise out of or result from Cariaga's visit to the state of Nevada. *See* Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971). Finally, Cariaga contends that the assertion of jurisdiction over him by the Nevada

courts is unreasonable in this case. Specifically, Cariaga asserts that Karatz's cause of action against him arose in California and that all of the evidence and witnesses are located in California. Under these circumstances, Cariaga argues that the district court erred when, based on Cariaga's single visit to Nevada, it refused to quash service of process against him. We disagree.

It is well-settled that personal jurisdiction may be asserted over an individual who is served with process while present within the forum state. See Pennoyer v. Neff, 95 U.S. 714 (1878); NRCP 4(f). If a non-resident defendant cannot be served with process while in the forum state, jurisdiction may be obtained through the use of our "long-arm statute," NRS 14.065, provided that the defendant has sufficient "minimum contacts" with Nevada so that the exercise of personal jurisdiction over him will not offend the constitutional guarantee of due process. See, e.g., Internat. Shoe Co. v. Washington, 326 U.S. 310 (1945); Levinson v. District Court, 103 Nev. 404, 742 P.2d 1024 (1987). The doctrine of "minimum contacts" evolved to extend the personal jurisdiction of state courts over non-resident defendants; it was never intended to limit the jurisdiction of state courts over persons found within the borders of the forum state. Compare Pennoyer v. Neff, 95 U.S. 714 (1878) (exercise of personal jurisdiction upheld where non-resident defendant was personally served with process while present within the forum state) with Internat. Shoe Co. v. Washington, 326 U.S. 310 (1945) (non-resident defendant's systematic and continuous business contacts with the forum state justified the exercise of personal jurisdiction). Although the United States Supreme Court stated in Shaffer v. Heitner, 433 U.S. 186, 212 (1977), that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny," that court has never held that a showing of "minimum contacts" is necessary to justify the exercise of personal jurisdiction when the defendant is personally served with process while present within the forum state.

Because Cariaga was served with process while he was physically present in Nevada, we conclude that the district court properly denied Cariaga's motion to quash service of process. In reaching this conclusion, we note that other courts addressing similar fact situations have concluded that personal jurisdiction may be exercised over a non-resident defendant if the defendant is served with process while he is physically present in the forum state. See Amusement Equipment, Inc. v. Mordeldt, 779 F.2d 264 (5th Cir. 1985); Opert v. Schmid, 535 F.Supp. 591

(S.D.N.Y. 1982); Aluminal Industries v. Newtown Commercial Assoc., 89 F.R.D. 326 (S.D.N.Y. 1980); Hutto v. Plagens, 330 S.E.2d 341 (Ga. 1985); Humphrey v. Langford, 273 S.E.2d 22 (Ga. 1980); In re Marriage of Pridemore, 497 N.E.2d 818 (Ill.App.Ct. 1986); Lockert v. Breedlove, 361 S.E.2d 581 (N.C. 1987). Additionally, we note that any hardships arising out of the exercise of personal jurisdiction over a non-resident defendant who is served within the forum can be avoided through recourse to the doctrine of forum non conveniens. *See* NRS 13.050(2)(c).

For the reasons set forth above, we deny Cariaga's petition for extraordinary relief. NRAP 21(b).