237 N.J. Super. 483 (1989)
568 A.2d 140
MARY E. DEAN EL-MAKSOUD, PLAINTIFF,
v.
HAMED A. EL-MAKSOUD, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Monmouth County.
Decided October 5, 1989.
*484 Richard H. Thiele for plaintiff (Thiele & Hermes, attorneys).
*485 Ahmed Aly Massoud for defendant (Massoud & Brennan, attorneys).
BASSLER, J.S.C.
Plaintiff Mary E. Dean El-Maksoud and defendant Hamed A. El-Maksoud were married and divorced in Egypt. Plaintiff brought this suit for equitable distribution and an accounting for partnership profits. Defendant filed a motion to dismiss the complaint arguing: (a) the absence of sufficient minimum contacts to establish personal jurisdiction, and (b) the doctrine of forum non conveniens. Before the date scheduled for oral argument defendant was personally served with the summons and complaint while visiting in New Jersey.
This case squarely raises the question whether the mere presence of the person in this State is a sufficient basis upon which to exercise personal jurisdiction over that person. The question has a considerable constitutional dimension in light of Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

Statement of Facts.
Plaintiff is 55 years of age, a United States citizen, and teaches psychology at the American University in Cairo. Defendant is 49 years of age, a retired officer from the Egyptian Air Force and resides in Cairo. Plaintiff and defendant first met while vacationing in Pennsylvania and, according to plaintiff, formed a partnership to broker the sale of lubricating oil to the Egyptian Air Force. In November 1985, they were married in Cairo; in March 1988, defendant obtained an Egyptian divorce. The following August, plaintiff filed this law suit in New Jersey, where she has a home, files tax returns and is registered to vote.
Plaintiff now seeks equitable distribution based upon the Egyptian divorce and an accounting by defendant of the profits *486 from the alleged partnership, which, she says, operated from Cairo as well as from her condominium in Monmouth Beach.
Defendant did not contradict plaintiff's assertion that in 1987 he purchased a condominium in his own name in Tinton Falls, New Jersey for $135,000 and the parties purchased, as tenants in common, property in Ewing Township for cash in the amount of $210,000. Nor did defendant deny that, during 1986 and 1987, defendant withdrew from a Newark bank more than $900,000 from an account in his own name. However, he did deny the existence of any partnership with plaintiff and that he had any business connections with the State of New Jersey.
In March 1989, defendant moved to dismiss the complaint for insufficiency of process and lack of personal jurisdiction with respect to the action for an accounting. The motion was denied. Subsequently, defendant renewed his motion but, in addition to lack of personal jurisdiction, advanced the doctrine of forum non conveniens as another reason for dismissing the complaint. He also sought a plenary hearing. Before the motion could be argued defendant was personally served in Monmouth Beach, New Jersey with the summons and complaint at an address alleged to be that of his paramour.

Validity of the Transient Jurisdiction Doctrine.
Physical presence is the traditional basis for in personam jurisdiction over an individual who is served while present, even though temporarily, in the forum state. See Pennoyer v. Neff 95 U.S. (5 Otto) 614, 24 L.Ed. 565 (1878). Restatement, Conflict of Laws 2d, §§ 27, 28 and Comments. This so-called rule of transient jurisdiction has long been recognized in New Jersey:
The state has jurisdiction over all persons within its borders for the enforcement of a transitory cause of action. "A non-resident found within the territorial jurisdiction is subject to service therein in personam, even though his presence is but temporary." [James H. Rhodes & Co. v. Chausovsky, 137 N.J.L. 459, 461 (Sup.Ct. 1948); citations omitted]
*487 Our current court rules also acknowledge that a court has in personam jurisdiction "upon an individual ... by delivery of a copy of the summons and complaint to him personally...." R. 4:4-4(a)(1). Here defendant was duly served with process while he was sojourning in New Jersey. Defendant, however, questions the constitutional currency of the transient jurisdiction doctrine. His temporary presence in New Jersey, he contends, does not give this court personal jurisdiction because he has insufficient minimum contacts with the State to satisfy the due process requirements of the Fourteenth Amendment to the United States Constitution.
Defendant, however, is clearly mistaken in his reading of International Shoe. There, the Supreme Court stated that
due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. [International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101-102 (1945); emphasis supplied; citations omitted]
International Shoe did not reject the rule of transient jurisdiction; rather it provided a rule of "minimum contacts" as an alternative to "presence." It is true that after Shaffer v. Heitner, supra, some commentators[1] and some courts[2] have questioned the validity of the assertion of personal jurisdiction over non-residents based solely on service of process upon them within the forum state.
In Shaffer, the Supreme Court extended the due process requirements of International Shoe to the exercise of quasi in rem jurisdiction. Much emphasis is placed on the following statement contained in Shaffer:

*488 [A]ll assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny. [433 U.S. at 212, 97 S.Ct. at 2584]
However, most courts that have considered this issue have concluded that the Supreme Court has not imposed a minimum contacts requirement when service of process is effected on a non-resident person who is physically present in the State. These courts have reaffirmed the long standing transient jurisdiction rule. See In re Marriage of Pridemore, 146 Ill. App.3d 990, 100 Ill.Dec. 640, 497 N.E.2d 818 (App.Ct. 1986) (Tennessee resident served while in Illinois to celebrate parents' wedding anniversary); Hutto v. Plagens, 254 Ga. 512, 330 S.E.2d 341 (Sup.Ct. 1985) (South Carolina resident served while visiting children in Georgia); Nutri-West v. Gibson, 764 P.2d 693 (Sup. Ct.Wyo. 1988) (California resident served while in Wyoming to attend convention); Jenkins v. Jenkins, 89 N.C. App. 705, 367 S.E.2d 4 (Ct.App. 1988) (Georgia resident served while in North Carolina for a brief visit in connection with employment); Cariaga v. Eighth Judicial District Court, 104 Nev. 82, 762 P.2d 886 (Sup.Ct. 1988) (California resident served while in Nevada to visit friends); Oxman's Erwin Meat Co. v. Blacketer, 86 Wis.2d 683, 273 N.W.2d 285 (Sup.Ct. 1979) (officer of Oklahoma corporation served while in Wisconsin); Lockert v. Breedlove, 321 N.C. 66, 361 S.E.2d 581 (1987) (non-resident served with process while in North Carolina to attend to business); Swarts v. Dean, 13 Kan. App.2d 228, 766 P.2d 1291 (App.Ct. 1989) (Louisiana resident served while in Kansas to visit children.)
Essentially these cases conclude that Shaffer instructs us to look to International Shoe and International Shoe "itself creates an exception to minimum contacts analysis where the defendant is present within the forum state." Amusement Equipment Inc. v. Mordelt, 779 F.2d 264, 269 (5 Cir.1985)
This court finds persuasive the constitutional analysis of these decisions and their conclusion that "it is constitutionally *489 permissive to predicate personal jurisdiction on temporary physical presence and personal service within the forum state." Nutri-West v. Gibson, supra, 764 P.2d at 694.
Although a minimum contacts analysis is inappropriate in this case, the exercise of personal jurisdiction must also satisfy the due process requirement that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Insurance Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Cf. Lebel v. Everglades Marina Inc., 115 N.J. 317, 328 (1989). This court is also convinced that the rule of transient jurisdiction does not offend this standard. "[A] traditional notion of fair play and substantial justice has been that presence alone is sufficient to support personal jurisdiction...." Amusement Equipment, supra, 779 F.2d at 270. In his concurring opinion in Shaffer v. Heitner, Justice Stevens stated:
If I visit another State ... I knowingly assume some risk that the State will exercise its power over... my person while there. My contact with the State, though minimal, gives rise to predictable risks. [433 U.S. at 218, 97 S.Ct. at 2587, 38 L.Ed.2d at 706]
In this case defendant freely and voluntarily travelled to Monmouth Beach, New Jersey for personal reasons. No claim is made that service was achieved through artifice. Defendant's presence in New Jersey gave rise to the risk of being required to litigate in New Jersey. This risk was not unpredictable nor unfair  particularly in light of the fact that defendant voluntarily came into New Jersey while his second motion to dismiss for lack of jurisdiction was waiting resolution by this court.
When the defendant is present within the forum state notice of the suit through proper service of process is all the process to which he is due. [Amusement Equipment Inc. v. Mordell, supra at 270]
*490 Despite the criticism of some commentators[3] the rule of transient jurisdiction permits the court to engage in a non-complex[4] determination of jurisdiction which, together with its certainty and predictability, promotes judicial efficiency. Moreover, if defendants "cannot be sued where they are found, they may not be sued at all." Humphrey v. Langford, 246 Ga. 732, 273 S.E.2d 22 (Ga. 1980). Finally, the rule finds support in international law: Foreign Money-Judgments Recognition Act § 5, 13 U.L.A. 272 (1986) provides for recognition of foreign judgments obtained against a defendant personally served in the foreign country. Any unfairness to the defendant can be addressed by application of the doctrine of forum non conveniens. See Restatement Conflict of Laws 2d, Comment § 28.
The rule of transient jurisdiction has been generally recognized and historically accepted. Such an established jurisdictional principle of the common law certainly should not be rejected "without direction from a higher authority." Opert v. Schmid, 535 F. Supp. 591, 594 (S.D.N.Y. 1982).

Forum Non Conveniens.
Defendant alleges that all of the records and witnesses concerning his business transactions are located in Cairo and that any judgment relating to an accounting would be unenforceable *491 in Egypt. Therefore, the complaint as to the accounting for partnership profits should be dismissed.
Plaintiff responds by calling the court's attention to bank accounts in New York and New Jersey and alleging that defendant took the business records from her home in New Jersey.
Our Supreme Court recently had occasion to review the doctrine of forum non conveniens in D'Agostino v. Johnson & Johnson, Inc., 115 N.J. 491 (1989). The Court stated in a footnote:
It is apparent that a trial court's disposition of a forum non conveniens motion would be enhanced in such cases if decision were reserved until discovery has proceeded sufficiently to enable the court to make a better informed assessment of the private and public interest factors. [at 494, n. 1]
The parties to date have not engaged in any discovery; the court does not have sufficient facts to make an educated decision. Therefore, the motion to dismiss on the basis of forum non conveniens is premature.
Furthermore, without discovery, any evaluation of what law applies to this case would also be premature. See D'Agostino v. Johnson & Johnson, supra at 497. That New Jersey can exercise jurisdiction over defendant does not, of course, automatically mean that it can apply its own law to the entire dispute. The constitutional test for jurisdiction and choice of law are not identical. See Twitchell, op. cit, supra at 610, 653-654, 668.

Conclusion.
The decision on the forum non conveniens motion is reserved. The motion to dismiss the complaint for lack of in personam jurisdiction is denied. Since personal service in New Jersey of the summons and complaint is undisputed, there is no need for a plenary hearing into the jurisdictional facts as was required by the court in Johnson v. Bradbury, 233 N.J. Super. 129, 134-135 (App.Div. 1989).
NOTES
[1] See, e.g., Bernstine, "Shaffer v. Heitner: A Death Warrant for the Transient Rule of In Personam Jurisdiction," 25 Vill.L.Rev. 38 (1979-1980); Vernon, "Single-Factor Bases of In Personam Jurisdiction  A Speculation on the Impact of Shaffer v. Heitner," 63 Iowa L.Rev. 997 (1978).
[2] See Harold M. Pitman Co. v. Typecraft Software, 626 F. Supp. 305 (N.D.Ill. 1986). Schreiber v. Allis-Chalmers Corp., 448 F. Supp. 1079 (D.Kan. 1978).
[3] See Ehrenzweig, "The Transient Rule of Personal Jurisdiction: the Power Myth and the Forum Conveniens," 65 Yale L.J. 289 (1965); Von Mehren and Trautman, Jurisdiction to Adjudicate: A Suggested Analysis, 79 Harv.L.Rev. 1121, 1178-1179 (1966); Twitchell, "The Myth of General Jurisdiction," 101 Harv.L.Rev. (1988).
[4] Cf. Lebel v. Everglades Marina, supra, evaluating the reach of New Jersey's long arm jurisdiction over a non-resident corporation (not applicable here because of personal service on the defendant). "One yearns for the certainty of autocracy, for one like a baseball umpire who would call the action fair or foul. It seems that little profit can be gained from an extended analysis of Supreme Court doctrine until the Court itself draws the lines as the umpire of federalism." 115 N.J. at 319.