ENOCHS, Judge.
 

 *189
 
 Ann Isbell ("Defendant") appeals from the trial court's order denying her motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). After careful review, we affirm the trial court's order.
 

 *190
 

 Factual Background
 

 Plaintiff married Michael Hedden ("Hedden") on 5 November 1977. Both Plaintiff and Hedden reside in Orange County, Florida. Defendant is a resident of Virginia.
 

 In the Summer of 2014, Defendant and Hedden engaged in an extramarital affair in Buncombe County, North Carolina. Among the various acts and conduct alleged to have occurred, was the assertion that "Plaintiff's husband would drive to North Carolina to meet the Defendant for their sexual relations."
 

 Defendant was aware that Hedden was married to Plaintiff, however "actively participated in, initiated and encouraged conduct which resulted in the alienation of the genuine love and affection existing between Plaintiff and Plaintiff's husband prior to the conduct of the Defendant." On 3 February 2015, Plaintiff separated from Hedden as a result of his and Defendant's adulterous relations.
 

 On 2 June 2015, Plaintiff filed a verified complaint in Buncombe County Superior Court asserting claims for alienation of affection and criminal conversation against Defendant.
 

 *573
 
 On 15 June 2015, Defendant filed a motion to dismiss pursuant to Rules 12(b)(2) and (6). On 28 August 2015, Plaintiff was deposed.
 

 A hearing was held on Defendant's motion to dismiss before the Honorable Alan Z. Thornburg in Buncombe County Superior Court on 8 December 2015. At the hearing, for the first time, Defendant's trial counsel stated that she would additionally be moving to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure.
 

 On 17 December 2015, the trial court entered an order finding that "[Defendant] was served with process personally at on [sic] 3 June 2015 by a Buncombe County sheriff's deputy at 1691 Pisgah Highway, Buncombe County, NC." The trial court then concluded as a matter of law that "Defendant was served with process as provided by NCRCP Rule 4(j)(1),a [sic]" and that "[t]he court has grounds for jurisdiction under G.S. 1-75.4." The court then ruled that "defendant's motion to dismiss for lack of personal jurisdiction is hereby denied." Defendant filed a timely notice of appeal of the trial court's order on 28 December 2015.
 

 *191
 

 Analysis
 

 On appeal, Defendant argues that the trial court erred in denying her motion to dismiss pursuant to Rules (12)(b)(1) and (2).
 
 [1]
 
 Specifically, she contends that the trial court lacked subject matter jurisdiction over Plaintiff's claims because neither of the parties were North Carolina residents, and also lacked personal jurisdiction over Defendant because she did not have sufficient minimum contacts with North Carolina.
 

 I.
 
 Appellate Jurisdiction
 

 Initially, we note that it is undisputed that the present appeal is interlocutory. "Generally, there is no right of immediate appeal from an interlocutory order."
 
 Blue v. Mountaire Farms, Inc.
 
 , --- N.C.App. ----, ----,
 
 786 S.E.2d 393
 
 , 397 (2016).
 

 Where a party challenges a trial court's order as to personal jurisdiction under Rule 12(b)(2), however, "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause."
 
 N.C. Gen. Stat. § 1-277
 
 (b) (2015). "On the other hand, the denial of a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is not immediately appealable."
 
 Data Gen. Corp. v. Cnty. of Durham
 
 ,
 
 143 N.C.App. 97
 
 , 100,
 
 545 S.E.2d 243
 
 , 246 (2001).
 

 "The distinction is important because the denial of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is not immediately appealable, but the denial of a motion challenging the jurisdiction of the court over the person of the defendant pursuant to Rule 12(b)(2) is immediately appealable."
 

 Green v. Kearney
 
 ,
 
 203 N.C.App. 260
 
 , 264-65,
 
 690 S.E.2d 755
 
 , 760 (2010) (internal brackets and ellipses omitted) (quoting
 
 Zimmer v. N.C. Dep't of Transp.
 
 ,
 
 87 N.C.App. 132
 
 , 133-34,
 
 360 S.E.2d 115
 
 , 116 (1987) ).
 

 *192
 
 Therefore, to the extent Defendant argues that the trial court erred in denying her motion to dismiss under Rule 12(b)(1), that portion of her appeal is dismissed as interlocutory. We therefore only need to address the merits of Defendant's argument that the trial court lacked personal jurisdiction over her pursuant to Rule 12(b)(2).
 
 See
 

 Hale v. Hale
 
 ,
 
 73 N.C.App. 639
 
 , 640-41,
 
 327 S.E.2d 252
 
 , 253 (1985) ("[
 
 N.C. Gen. Stat. § 1-277
 
 (b) ] does not apply to orders denying motions made pursuant to ... Rule 12(b)(1) seeking dismissal for lack of subject matter jurisdiction. Therefore, we need only decide whether our courts can properly assert personal jurisdiction
 
 *574
 
 over defendant." (internal citation omitted)).
 

 II.
 
 Personal Jurisdiction
 

 Defendant asserts that the trial court erred in denying her motion to dismiss pursuant to Rule 12(b)(2). Specifically, she contends that she did not have sufficient minimum contacts with North Carolina for the trial court to exercise personal jurisdiction over her, thereby violating her due process rights under the Fourteenth Amendment of the United States Constitution. We disagree.
 

 "When this Court reviews a decision as to personal jurisdiction, it considers only 'whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court.' "
 
 Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.
 
 ,
 
 169 N.C.App. 690
 
 , 694,
 
 611 S.E.2d 179
 
 , 183 (2005) (quoting
 
 Replacements, Ltd. v. MidweSterling
 
 ,
 
 133 N.C.App. 139
 
 , 140-41,
 
 515 S.E.2d 46
 
 , 48 (1999) ).
 

 "The determination of whether jurisdiction is statutorily and constitutionally permissible due to contact with the forum is a question of fact." To resolve a question of personal jurisdiction, the court must engage in a two step analysis. First, the court must determine if the North Carolina long-arm statute's (
 
 N.C. Gen. Stat. § 1-75.4
 
 ) requirements are met. If so, the court must then determine whether such an exercise of jurisdiction comports with due process.
 

 Cooper v. Shealy
 
 ,
 
 140 N.C.App. 729
 
 , 732,
 
 537 S.E.2d 854
 
 , 856 (2000) (quoting
 
 Hiwassee Stables, Inc. v. Cunningham
 
 ,
 
 135 N.C.App. 24
 
 , 27,
 
 519 S.E.2d 317
 
 , 320 (1999) ).
 

 In the present case, Defendant was personally served with Plaintiff's complaint while she was physically present in the State of North Carolina in conformity with Rule 4(j)(1)(a) of the North Carolina Rules of Civil Procedure, which provides, in pertinent part, as follows:
 

 *193
 
 (j)
 
 Process-Manner of service to exercise personal jurisdiction.
 
 -In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
 

 (1)
 
 Natural Person.
 
 -Except as provided in subdivision (2) below, upon a natural person by one of the following:
 

 a. By delivering a copy of the summons and of the complaint to the natural person....
 

 This manner of service of process satisfies both requirements for establishing personal jurisdiction over Defendant. It is well established that
 

 N.C.G.S. § 1-75.4(1)(a) allows the courts of this State to exercise
 
 in personam
 
 jurisdiction over a person served pursuant to Rule 4(j) or Rule 4(j1) of the North Carolina Rules of Civil Procedure "[i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party ... [i]s a natural person present within this State...."
 

 Lockert v. Breedlove
 
 ,
 
 321 N.C. 66
 
 , 68,
 
 361 S.E.2d 581
 
 , 583 (1987) (quoting
 
 N.C. Gen. Stat. § 1-75.4
 
 (1)(a) (1983) ).
 

 In
 
 Lockert
 
 , the defendant moved to dismiss the plaintiff's claims on the ground that the trial court lacked personal jurisdiction over him because there were insufficient minimum contacts between him and North Carolina.
 

 Id.
 

 at 67
 
 ,
 
 361 S.E.2d at 582
 
 . The trial court denied his motion and this Court affirmed the trial court's order.
 

 Id.
 

 On appeal to our Supreme Court, the Court stated the following:
 

 This Court has consistently applied the minimum contacts analysis articulated in
 
 International Shoe
 
 [
 
 Co. v. Washington
 
 ,
 
 326 U.S. 310
 
 ,
 
 66 S.Ct. 154
 
 ,
 
 90 L.Ed. 95
 
 (1945) ] to cases in which nonresident defendants were served with process outside the forum state.
 
 We conclude that such minimum contacts analysis is not necessary, however, when the defendant is personally served while present within the forum state
 
 .
 

 *194
 

 Id.
 
 at 68,
 
 361 S.E.2d at 583
 
 (emphasis added) (internal citations omitted). Indeed, the Supreme Court went on to emphasize that
 

 [t]he defendant would have us hold that the presence of a person in the forum state is not sufficient to confer jurisdiction upon
 
 *575
 
 its courts. We are aware that some courts have made sweeping pronouncements to the effect that minimum contacts analysis is required in all cases in which the defendant is a nonresident of the forum state. We conclude, however, that such cases are contrary to the Supreme Court's holdings in
 
 International Shoe
 
 and its progeny. We hold that the minimum contacts test is inapplicable to cases in which the defendant is personally served within the forum state.
 

 Id.
 
 at 68-69,
 
 361 S.E.2d at 583
 
 (internal citations omitted). The Supreme Court concluded that "[f]or the foregoing reasons, we hold that the rule continues to be that personal service on a nonresident party, at a time when that party is present in the forum state, suffices
 
 in and of itself
 
 to confer personal jurisdiction over that party."
 
 Id.
 
 at 72,
 
 361 S.E.2d at 585
 
 (emphasis added).
 

 We find that
 
 Lockert
 
 is controlling and dispositive as to the present appeal. Here, the trial court found that Defendant was personally served while physically present in the State of North Carolina. Indeed, this fact is undisputed by Defendant. Consequently, when the sheriff's deputy personally served her, the trial court acquired
 
 in personam
 
 jurisdiction over Defendant and the need for a minimum contacts analysis was rendered unnecessary. As a result, we affirm the trial court's order denying Defendant's motion to dismiss.
 
 [2]
 

 Conclusion
 

 For the reasons stated above, the trial court's order is affirmed.
 

 AFFIRMED.
 

 Judges ELMORE and ZACHARY concur.
 

 [1]
 

 Defendant also moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, she does not contend that the trial court erred in failing to dismiss Plaintiff's claims on this ground on appeal. Consequently, any arguments regarding the trial court's ruling on Defendant's Rule 12(b)(6) motion are deemed abandoned.
 
 See
 
 N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").
 

 [2]
 

 We also note that Defendant makes a policy argument urging us to hold that service of process upon a nonresident defendant who is physically present in the State of North Carolina can no longer be deemed sufficient to confer personal jurisdiction upon trial courts and alternatively invites us moving forward to always require a minimum contacts analysis be performed in determining whether
 
 in personam
 
 jurisdiction exists. We decline Defendant's invitation to do so and, in any event, are bound by
 
 Lockert's
 
 holding in direct opposition to Defendant's position maintaining that "[t]he language of
 
 International Shoe
 
 did not sound a death knell for the transient rule of jurisdiction; rather, it set out an alternative means of establishing personal jurisdiction when the defendant is not present within the territory of the forum."
 
 Id.
 
 at 70,
 
 361 S.E.2d at 584
 
 (internal quotation marks omitted).