*In re* MARRIAGE OF MICHAELE GAIL PRIDEMORE, Petitioner and Defendant-Appellant, and MICHAEL LOU PRIDEMORE, Respondent and Plaintiff-Appellee.

Fourth District   No. 4—86—0147

Opinion filed August 28, 1986.

Edward R. Green, of Gibbs & Green, P.C., of Springfield, for appellant.

Paul E. Adami, of Mohan, Alewelt & Prillaman, of Springfield, for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

Petitioner appeals from an order of the trial court dismissing her petition to enroll a foreign judgment for lack of subject-matter jurisdiction. We reverse and remand.

The parties were divorced in Tennessee in 1982 and petitioner and her children returned to Illinois, where they previously resided. Respondent remained in Tennessee. In 1985, petitioner filed a petition to enroll a foreign judgment in Illinois together with a petition to modify the Tennessee divorce decree to increase child support. Summons was issued and respondent was personally served in Mattoon, Illinois, while he was there on the occasion of his parents' 50th wedding anniversary.

Respondent filed a limited and special appearance to quash summons on the basis that he was a resident of Tennessee and had committed no jurisdictional act by which he submitted to personal jurisdiction in Illinois under the Illinois long-arm statute. The trial court quashed summons and dismissed the petitions on the basis that it lacked subject-matter jurisdiction because respondent's only contact with Illinois was the fact that his ex-wife and children reside here. Pe-

titioner appeals.

▪ It is clear, at the outset, that the trial court had subject-matter jurisdiction. This court has previously held that the filing of an original petition to enroll a foreign judgment accompanied by a copy of the foreign order sought to be enrolled is a justiciable matter and confers subject-matter jurisdiction on the court. (*In re Marriage of Bussey* (1984), 128 Ill. App. 3d 730, 471 N.E.2d 563.) It is undisputed that the statutory procedure for enrolling a foreign judgment was precisely followed in this case. The trial court had subject-matter jurisdiction.

Respondent argues, however, that personal service of summons upon him within Illinois is not a sufficient basis upon which to establish personal jurisdiction. Respondent maintains, alternatively, that personal jurisdiction may be predicated only upon a showing that respondent has committed a jurisdictional act under the Illinois long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209), or that he has sufficient minimum contacts with the State to justify imposing the burden of litigating in this forum.

▪ By its own terms the Illinois long-arm statute only applies when service is accomplished upon a party outside of the State of Illinois. It has no application when service is perfected within the territorial boundaries of Illinois. Moreover, contrary to respondent's assertion, the Supreme Court has not imposed a minimum-contacts requirement on a State's assertion of jurisdiction over a natural person who is personally served within its boundaries. Respondent's claim, premised upon the Supreme Court decision in *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569, was presented to the court in the virtually indistinguishable case of *Hutto v. Plagens* (1985), 254 Ga. 512, 330 S.E.2d 341. There, the court reaffirmed the long-standing principle that service of process on a nonresident person who is physically present in the State, albeit briefly, is a sufficient basis for *in personam* jurisdiction. We agree with the proffered rationale and authority cited by the Supreme Court of Georgia and likewise, hold that mere presence of the person in this State is a sufficient basis upon which to establish personal jurisdiction over him. See also *Humphrey v. Langford* (1980), 246 Ga. 732, 273 S.E.2d 22; *Oxmans' Erwin Meat Co. v. Blacketer* (1979), 86 Wis. 2d 683, 273 N.W.2d 285.

▪ Sections 2—202 and 2—203 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—202, 2—203), provide that summons may be served upon defendants wherever they may be found in this State by leaving a copy thereof with them personally. Here, re-

spondent was personally served in Illinois in accordance with the statutory procedure. He makes no claim that he was induced by artifice, trick or fraud to enter the State for the sole purpose of being served with process. (See *In re Cash* (1943), 383 Ill. 409, 50 N.E.2d 487.) The trial court had personal jurisdiction over respondent.

As a final matter, respondent asks that this court determine that Tennessee is the more appropriate place in which to conduct this litigation under the doctrine of *forum non conveniens*. We decline to do so. Although this argument was presented to the trial court it was not ruled upon. Upon remand, the parties may, by appropriate pleadings, again bring this matter before the court for determination.

Having concluded that the trial court had both subject-matter and personal jurisdiction, the judgment of the circuit court of Sangamon County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.