No. 86-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
GARELD E. COX,

        Petitioner and Respondent,

   and

PENNY E. COX,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Torger Oaas, Lewistown, Montana

---

Submitted on Briefs: Jan. 22, 1987

Decided:  March 24, 1987'

Filed MAR 24 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Penny Cox appeals from orders of the District Court of the Tenth Judicial District, Fergus County, raising jurisdiction and custody modification issues arising out of the marriage dissolution and child custody hearing below. We affirm.

The issues are:

1. Was wife's notice of appeal filed too late to have this Court review the jurisdiction issues raised?

2. Did the District Court err in its jurisdiction rulings?

3. Did the District Court err in denying wife a modification hearing?

Gareld E. Cox (husband) and Penny E. Cox (wife) were married in 1978 and had one child named Kenneth Cox (Kenneth) of that marriage. In January 1982, husband and wife filed separate dissolution petitions with the District Court. The petitions were consolidated in the case below. In April 1982, wife also filed a petition for divorce and an affidavit for the purpose of service by publication in a New Mexico court, neither of which mentioned the pending Montana case. In July 1982, the New Mexico court purported to dissolve the parties' marriage and grant custody of Kenneth to wife. Husband was not present or represented at that hearing. In June 1983, the Montana District Court dissolved the marriage between the parties and awarded custody of Kenneth to husband. Both parties were represented at that hearing, although wife was not present.

In December 1984, the New Mexico court concluded that wife's affidavit for service by publication had been false and misleading, that wife had not exercised sufficient inquiry in attempting to locate husband, that the New Mexico

2

proceedings should have been stayed due to the pending Montana proceeding, that the New Mexico court had not obtained jurisdiction over husband prior to the entering of its decree, and that the New Mexico court was without authority to enter its decree. The New Mexico court then set aside its decree with directions to have Kenneth delivered to husband pursuant to the Montana decree.

Wife moved to vacate the Montana District Court's findings, conclusions, and decree, essentially challenging jurisdiction of the District Court under §§ 40-4-104 and 40-4-211, MCA, and requesting a child custody modification. The District Court denied wife's motion on all grounds in two orders filed in March and July of 1985. In September 1985, the District Court issued a subsequent order reaffirming its earlier orders. In December 1985, wife again filed a motion in the District Court challenging jurisdiction of the District Court and requesting a modification of the custody order. In a March 1986 minute entry, the District Court concluded that it would not take testimony on the modification or custody issues because those issues had already been decided. However, the court stated it would hear testimony regarding visitation. It is from this order that wife appeals.

I

Was wife's notice of appeal filed too late to have this Court review the jurisdiction issues raised?

Husband maintains that wife filed her notice of appeal after the 30 day time limit for appeals found in Rule 5, M.R.App.Civ.P. Specifically, husband maintains that wife's jurisdiction challenges were denied by a District Court order on July 12, 1985 and her notice of appeal was filed on April 10, 1986. Thus, the 30 day time limit had passed and her jurisdiction issues on appeal should be dismissed.

3

Although the District Court decided the jurisdiction issues in its July 1985 order, wife again raised this issue in her motion of December 11, 1985. It is a well settled principle of law that lack of subject matter jurisdiction may be raised at any time. Rule 12(h)(3), M.R.Civ.P., and Corban v. Corban (1972), 161 Mont. 93, 504 P.2d 985. Therefore, the wife had 30 days from the March 10, 1986, effective dismissal of her subject matter jurisdiction motion to perfect her appeal. Her notice of appeal was filed on time and thus we will review the jurisdiction issues raised.

II

Did the District Court err in its jurisdiction rulings?

Wife maintains there were two jurisdictional rulings made in error in this case. First, wife argues that the court did not have jurisdiction over the dissolution proceeding pursuant to § 40-4-104(a), MCA. Second, wife argues that the court did not have jurisdiction over Kenneth pursuant to § 40-4-211, MCA.

On the first issue, wife maintains that husband was not a resident of Montana when he filed for dissolution and that fraud was committed on the court by the husband when he filed his petition for dissolution and stated:

> That petitioner has been a resident of the State of Montana for more than 120 days next proceeding the filing of this petition, however, he has not been physically present in this State for that period of time.

Wife maintains that this statement is false due to the amount of time husband had been in New Mexico prior to the filing of the petition. Apparently, husband had spent about a month and a half in New Mexico during this 120 day period.

We point out that § 40-4-104(a), MCA, only requires the court to find one of the parties was domiciled within Montana

4

"for 90 days next <u>preceding</u> <u>the</u> <u>making</u> <u>of</u> <u>the</u> <u>findings</u>" (emphasis added). Both sides agree that husband was domiciled in Montana for 90 days preceding the dissolution order and findings. Therefore, the District Court concluded that it had jurisdiction over the dissolution pursuant to § 40-4-104(a), MCA. We affirm that conclusion. There is no evidence of fraud upon the court.

On the second issue, wife argues that the District Court did not have jurisdiction over Kenneth pursuant to § 40-4-211(1)(a)(ii), MCA, which provides in pertinent part:

> A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
> (a) this state:
> . . .
> (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason and a parent or person acting as parent continues to live in this state;

Wife argues that under this statute New Mexico was the proper forum to decide Kenneth's custody. However, the record shows that the conditions found in § 40-4-211, MCA, have been met and that the District Court properly had jurisdiction over the child custody proceeding. After having lived in Montana for several years, wife and Kenneth went to New Mexico on August 27, 1981. Husband filed for the dissolution of the marriage, asking for the custody of Kenneth, on January 27, 1982. Thus, Montana was Kenneth's "home state within 6 months before commencement of the proceedings." Section 40-4-211, MCA. Second, there is no question that Kenneth was absent from the state because of his retention by wife who was claiming his custody. Therefore, the

5

requirements found in § 40-4-211, MCA, have been satisfied and the court had jurisdiction over the child custody proceeding pursuant to that statute.

Finally, wife asserts that jurisdiction should be declined pursuant to § 40-7-109(1), MCA, which provides:

> If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

Wife alleges that husband wrongfully took Kenneth from New Mexico and brought him to Montana. The record does not demonstrate a wrongful taking. The actions of the father taking Kenneth to Montana from New Mexico do not in and of themselves demonstrate a wrongful taking. Section 40-7-109, MCA, is discretionary. The District Court concluded there was not a wrongful taking and assumed jurisdiction. We cannot find an abuse of its discretionary power by the District Court. Accordingly, we affirm the District Court's conclusion that it had jurisdiction over the child custody proceeding.

### III

Did the District Court err in denying wife a modification hearing?

Wife argues she is entitled to another hearing to consider whether the custody decree should be modified pursuant to § 40-4-219(1), MCA, which provides:

> The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the

6

best interest of the child and if it further finds that:

    (a) the custodian agrees to the modification;

    (b) the child has been integrated into the family of the petitioner with consent of the custodian;

    (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; or

    (d) the child is 14 years of age or older and desires the modification.

Wife recognizes that the modification is discretionary with the District Court, but believes new facts have been presented that show Kenneth's "present environment endangers seriously his physical, mental, moral or emotional health." Although wife was represented by counsel in the dissolution hearing on June 20, 1983, wife was not present and no evidence was presented from her viewpoint as to the best interests of Kenneth. Wife maintains that various affidavits filed by her in 1985 and 1986 provide the necessary factual basis for the court to hold a hearing on the modification of custody. In particular she refers to a child psychologist's report.

Section 40-4-220, MCA, provides that the court "shall deny the motion unless it finds adequate cause for hearing the motion is established by the affidavits . . ." The affidavits provided by wife essentially state that Kenneth has been moved about a number of times by his father, that he has had his school interrupted, and that he has spent extended periods of time with his grandmother. The husband countered with affidavits which indicate Kenneth is presently living in a healthy environment and is a "cheerful" child. The psychologist's report does not recommend a custody arrangement, but does clearly show that the custody litigation

7

over Kenneth is having an adverse affect on him. We note the concerns of the psychologist with regard to Kenneth's hyper-activity and his recommendation that Kenneth be reexamined at the Child Study Center. For their assistance, we call this to the attention of both parties.

After careful consideration, we conclude the District Court has not abused its discretion in denying the motion for a modification hearing.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-169

FILED

MAY 26 1987

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE THE MARRIAGE OF
GARELD E. COX.
    Petitioner and Respondent,

and

    )
    )    O R D E R
    )

PENNY E. COX,
    Respondent and Appellant.

Penny E. Cox, respondent and appellant, has petitioned for rehearing in this matter. After careful consideration of each argument made, we conclude that our opinion dated March 24, 1987, should be amended by changing the first paragraph after the issues were stated on page 1 of the opinion to read:

> Gareld E. Cox (husband) and Penny E. Cox (wife) were married in 1978 and had one child named Kenneth Cox (Kenneth) of that marriage. In January 1982, husband filed a dissolution petition with the District Court and wife filed a petition for custody of minor child with the District Court. The petitions were consolidated in the case below. In April 1982, wife also filed a petition for divorce and an affidavit for the purpose of service by publication in a New Mexico court, neither of which mentioned the pending Montana case. In July 1982, the New Mexico court purported to dissolve the parties' marriage and grant custody of Kenneth to wife. Husband was not present or represented at that hearing. In June 1983, the Montana District Court dissolved the marriage between the parties and awarded custody of Kenneth to husband. Both parties were represented at that hearing, although wife was not present.

In all other respects the petition for rehearing is denied.

DATED this 26th day of May, 1987.

_____
Chief Justice

_____

_____

_____

_____

_____

Justices