*In re* MARRIAGE OF GINGER L. MATES, Petitioner-Appellant, and DONALD E. MATES, Respondent-Appellee.

Second District No. 2—86—0966

Opinion filed May 28, 1987.

Cynthia J. Briscoe, of Madsen & Briscoe, of Crystal Lake, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Petitioner, Ginger L. Mates, appeals from the dismissal of her petition for dissolution of marriage for lack of jurisdiction.

Petitioner's petition was filed on September 2, 1986, and alleged that she was a resident of Illinois at the commencement of the action and that she had resided in Illinois for one month. On September 15, 1986, she filed a motion for temporary relief, requesting temporary custody of minor children, temporary support for herself and the minor children, and attorney fees. Respondent, Donald E. Mates, filed a motion to dismiss the action on the basis that the court did not have jurisdiction because petitioner did not satisfy the residency requirement. The court dismissed the action and denied petitioner's motion to vacate the dismissal order.

Petitioner argues on appeal that the trial court erred in dismissing her petition because section 401 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 401) allows a court to enter a judgment of dissolution if one of the spouses was a resident at the time the action was commenced and for 90 days preceding the making of the final decision. Petitioner further argues that the 90-day requirement does not prevent a court from entering the temporary relief she sought.

■■ Respondent has not filed an appellee's brief, but the record is simple, and we can easily decide the claimed error without an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Section 401(a) of the Illinois Marriage and Dissolution of Marriage Act states:

"The court shall enter a judgment of dissolution of marriage if at the time the action was commenced, one of the spouses was a

resident of this State or was stationed in this State while a member of the armed services, and the residence or military presence had been maintained for 90 days next preceding the commencement of the action or the making of the finding; provided, however, that a finding of residence of a party in any judgment entered under this Act from January 1, 1982 through June 30, 1982 shall satisfy the former domicile requirements of this Act; and if one of the following grounds for dissolution has been proved: ***." (Ill. Rev. Stat. 1985, ch. 40, par. 401(a).)

Prior to amendments, section 401(a) had the same language as section 302(a)(1) of the Uniform Marriage and Divorce Act, which states:

"(a) The [_____] court shall enter a decree of dissolution of marriage if:

(1) the court finds that one of the parties, at the time the action was commenced, was domiciled in this State, or was stationed in this State while a member of the armed services, and that the domicil or military presence has been maintained for 90 days next preceding the making of the findings ***." 9A U.L.A. 302, at 121 (1979).

The commissioners' comment to section 302 states in part that "[o]ne who has just entered the forum state may commence the proceeding immediately, thus enabling the court to enter such temporary orders as are necessary to protect the rights of the parties." (9A U.L.A. 302, Commissioners' Comment, at 122 (1979).) The implication from this comment that a petitioner may obtain temporary relief before residing in the forum State for 90 days is that "findings" refers to the court's ultimate decision on the dissolution petition.

In *In re Marriage of Cox* (1987), ___ Mont. ___, 736 P.2d 97, the supreme court of Montana interpreted the phrase "for 90 days next preceding the making of the findings" of a Montana statute which also derived from the Uniform Marriage and Divorce Act. The court found jurisdiction, as the husband had been domiciled in the State for "90 days preceding the *dissolution order and findings*." (Emphasis added.) ___ Mont. ___, ___, 736 P.2d 97, ___.

Illinois cases also support petitioner's interpretation of section 401(a). In *In re Marriage of Weiss* (1980), 87 Ill. App. 3d 643, 649, 409 N.E.2d 329, 334, the court referred to the commissioners' comments to the Uniform Marriage and Divorce Act and found that the apparent purpose of the 90-day requirement was to allow a newly arrived litigant to obtain temporary relief before residing in Illinois for 90 days. Also, in *In re Marriage of Goslin* (1982), 106 Ill. App. 3d 87, 88, 435 N.E.2d 821, 822, the court referred to the jurisdiction requirement

of one of the parties being domiciled in Illinois for 90 days "prior to the court's *final decision.*" (Emphasis added.)

The requirement that one of the parties to a dissolution action reside in Illinois at the commencement of the action and for 90 days either preceding the commencement of the action or preceding the making of the finding is to ensure a sufficient nexus between the forum State and the action. (See 9A U.L.A. 302, at 122 (1979) (commissioners' comment that one spouse must establish an appropriate connection with the State).) The same nexus required for permanent relief is not necessary for temporary relief. *In re Marriage of Ways* (1975), 85 Wash. 2d 693, 699, 538 P.2d 1225, 1229.

We hold that an Illinois court has jurisdiction to grant temporary relief in a dissolution of marriage action if one of the spouses maintains a residence (or military presence) in Illinois at the commencement of the action.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.