*In re* MARRIAGE OF LANAE SILVESTRI-GAGLIARDONI, Petitioner-Appellant, and CESARE GAGLIARDONI, Respondent-Appellee.

First District (1st Division)   No. 1—87—0223

Opinion filed June 30, 1989.

BUCKLEY, J., dissenting.

Schiller, Du Canto & Fleck, Ltd., of Chicago (Burton S. Hochberg and Sarane C. Siewerth, of counsel), for appellant.

Kirsch, Berman & Hoffenberg, Ltd., of Chicago (Alan D. Hoffenberg and Mary Ellen Dienes, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Petitioner, Lanae Silvestri-Gagliardoni, appeals from the dismissal of her action in the trial court for dissolution of marriage from respondent, Cesare Gagliardoni, on the basis that the jurisdiction of the matter was governed by the courts of Milan, Italy, where a prior decree had been entered. On appeal, Lanae contends that (1) the trial court abused its discretion by dismissing her petition for dissolution of marriage and ordering all future matters be litigated in Milan, Italy; and (2) the trial court abused its discretion by failing to conduct an evidentiary hearing on the issue of the jurisdiction of the Italian court and the validity of the Italian decree.

Lanae and Cesare were married in Chicago, Illinois, on April 12, 1981. A son was born to the parties on November 20, 1981, in Cook County, Illinois. The marital residence of the parties was in Milan, Italy. During the course of the marriage, Lanae would travel to Chicago with her son for extensive visits with her parents and friends. On September 12, 1986, Cesare served Lanae in Italy with a petition requesting judicial separation which required her to appear in court on September 23, 1986. That same day she retained an Italian attorney to represent her in the proceedings. Lanae's father, Arnold Silvestri, an Illinois attorney, who is fluent in Italian, travelled to Italy to advise her and was present at the proceedings. At the hearing on September 23, 1986, after an attempt at reconciliation by the court failed, the parties presented a separation agreement to the court which they had signed and which the court accepted.

The separation agreement provided that the parties would have joint custody of the child and that the child would reside with the mother in Milan, Italy. The agreement permitted Lanae to travel with the child to the United States three times a year with each visit not to exceed one month, except the first visit in September 1986, which could be up to two months. The cost of the first two trips annually was to be borne by Cesare. Under the terms of the agreement, child support and maintenance were set at $2,800 per month with $2,250 specifically designated as child support. Cesare would pay Lanae $15,000 to furnish an apartment in Milan and would receive an Oldsmobile automobile. Cesare was required to pay Lanae's attorney $2,800 in fees and Lanae was required to agree that the child would travel on an Italian passport. The agreement further required that Lanae was to sign a sworn statement before the United States Consulate certifying her obligation to return to Italy with the minor child under the terms of the agreement. On September 25, 1986, Lanae appeared before the United States Consulate and stated that she intended to be bound by the separation agreement. Thereafter, she returned to the United States with the child of the parties.

On October 17, 1986, Lanae filed a petition for dissolution of marriage in the circuit court of Cook County. In her petition, she requested the court to declare the separation agreement void on the basis that it was entered into under duress and fear. In addition to her petition, Lanae also filed a petition for a temporary restraining order and preliminary injunction seeking temporary custody of the child. On October 17, 1986, an *ex parte* order was entered without notice enjoining Cesare from visiting with the child. Upon his arrival in Chicago to visit with the child, Cesare was personally served with a summons and a copy of the pleadings. On October 24, 1986, Cesare filed a special and limited appearance and two motions to dismiss. One motion to dismiss was based on the existence of the prior Italian court decree. Lanae was granted leave of court to file an amended petition for dissolution during the pleading defects raised by Cesare.

On November 24, 1986, following a hearing, the court granted Cesare's motion to dismiss based on the prior Italian decree. The trial court ruled that the Italian court had jurisdiction of both Cesare and Lanae and that Italy was the home of both parties. The trial court found that when the parties came to Chicago with their child to visit, they did so to enable the child to see his grandparents. The court further found that Lanae had made a decision some years earlier to live in Italy and had never attempted to convince Cesare to move their residence to the United States. The court stated that La-

nae had been "well represented in Italy" by counsel, including both retained Italian counsel and Lanae's father, Arnold Silvestri. Lanae had not shown that the amount of notice given to her prior to the Italian court proceedings was unusually short. The judicial proceedings and the manner in which they were conducted were not unusual and demonstrated no prejudice by the Italian court. The court noted that the agreement covered all issues relating to child custody and property and that, under the terms of the agreement, the child was permitted to visit the United States just about as often as he had done during the five years prior to the agreement.

During oral argument on this matter on February 22, 1988, counsel for Lanae advised this court that Cesare had filed an enforcement action under the Italian judgment requesting that Lanae and the minor child of the parties be ordered to return to Italy. This court requested a report from the parties on the status of the proceedings in the Italian court. Subsequently, counsel for both parties have been granted numerous motions for extension of time to file the status report, advising that the parties were engaged in settlement negotiations, and requesting a suspension of consideration of the appeal. On January 18, 1989, counsel for Lanae filed a status report advising this court that the settlement negotiations between the parties had not been successful and we now proceed with the disposition of this appeal.

Lanae first argues that the trial court abused its discretion when it dismissed Lanae's petition for dissolution of marriage and ordered all future matters to be litigated in Milan, Italy. Adjudication of interstate and international custody issues involved in child custody proceedings before courts in the State of Illinois is governed by the Uniform Child Custody Jurisdiction Act (UCCJA or Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 2101 through 2126). Since the case at bar involves the custody decree of a foreign nation, the provisions of the UCCJA became operational to determine whether the trial court had jurisdiction. Section 2 of the Act specifically provides that one of the purposes of the Act is "to avoid jurisdictional competition." (Ill. Rev. Stat. 1987, ch. 40, par. 2102.) Section 24 of the Act further provides:

"The general policies of this Act extend to the international area. The provisions of this Act relating to the recognition and enforcement of custody judgments of other states apply to custody judgments and judgments involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportu-

nity to be heard were given to all affected persons." (Ill. Rev. Stat. 1987, ch. 40, par. 2124.)

Thus, the provisions of the UCCJA extend to foreign custody judgments. In addition, section 9(b) allows the Illinois courts to decline jurisdiction and precludes modification of a custody judgment,

> "if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody." (Ill. Rev. Stat. 1987, ch. 40, par. 2109(b).)

A review of these statutory provisions leads us to conclude that the UCCJA operated in this case to deprive the Illinois court of jurisdiction by operation of the prior Italian decree. It is our opinion that the UCCJA compels Illinois courts not only to recognize proper custody decrees from foreign nations, but also that they must decline to accept jurisdiction to modify custody decrees in the absence of the showing of conditions in the custodial household that are physically or emotionally harmful to the child. We agree with the trial court that Italy qualified as the proper forum to assume jurisdiction because it was "in the best interest of the child" since both of the child's parents had a significant connection with Italy and there was available in Italy substantial evidence concerning the child's housing, support, education, medical and dental care and personal relationships. Therefore, the judgment entered in the Italian court is subject to enforcement in the Illinois courts and the trial court did not err in dismissing Lanae's petition for dissolution of the marriage and transferring the cause back to the courts of Milan, Italy.

Lanae further argues that under Illinois law, a prior pending proceeding in a foreign country will not bar a similar proceeding in Illinois. (*Goldberg v. Goldberg* (1975), 27 Ill. App. 3d 94, 237 N.E.3d 299; *Farah v. Farah* (1975), 25 Ill. App. 3d 480, 323 N.E.2d 361.) We find this argument without merit because a judgment was entered by the foreign court and it is not a pending proceeding. As correctly noted by the trial court, the Italian decree resolves the issues raised, including custody, maintenance, child support, attorney fees, and cash distribution. A review of the decree shows that these issues were disposed of with finality in a certified and registered decree of the Italian court in Milan. In our opinion neither the fact that a waiting period exists between the dissolution of the marriage is considered final nor the fact that other portions of the decree are modifiable renders it a nonfinal order. The judgment is a final decree by an

Italian court which incorporated a marital agreement. Under Illinois law, the settlement agreement was not only incorporated into, but also had the effect of a judgment of the court. (*In re Marriage of Houston* (1986), 150 Ill. App. 3d 608, 501 N.E.2d 1015.) As such, the trial court here did not have jurisdiction to grant Lanae the relief she sought since the issues raised were disposed of in a prior Italian decree.

■ Lanae further contends that the Italian decree did not meet the standards for recognition of a foreign judgment. The elements required to establish a *prima facie* case of entitlement to recognition of a foreign country judgment are that the rendering court had jurisdiction over the person and subject matter; there was timely notice and an opportunity to present a defense; no fraud was involved; and the proceedings were according to a civilized jurisprudence. *Hunt v. BP Exploration Co.* (N.D. Tex. 1980), 492 F. Supp. 885.

■ From our review of the record, these elements were established by facts set forth in the record. Lanae concedes in her petition for dissolution of marriage that the separation agreement entered into by the parties was executed "under the laws of Italy." The decree itself states that both parties appeared in person before the court and participated in the proceedings. Therefore, the Italian court had jurisdiction over the persons and subject matter. Lanae does not dispute that the Italian decree was entered only after timely notice was given to the parties and she had an opportunity to present a defense. Although Lanae alleges that she entered into the agreement under duress and coercion, it is our determination Lanae's pleadings do not sufficiently plead fraud in the procurement of this judgment. (See *Dawson v. Duncan* (1986), 144 Ill. App. 3d 532, 494 N.E.2d 900.) Lanae was represented by Italian counsel who recommended that she settle the case. Lanae's father, an Illinois attorney who was fluent in Italian, advised her and did not suggest any alternative course of action. There is nothing in the record to suggest that any unusual procedures were followed regarding the setting of the hearing, the time of trial or the manner in which the court documents were processed. No allegation was presented of any prejudice on the part of the Italian court.

The trial court noted, and we agree, that Lanae's correct remedy was to present her allegations of coercion and duress to the Italian court and to seek a continuance of the proceedings there if necessary. There is no indication in the record that Lanae made any effort to present her allegations there or that the Italian courts failed to present her a full opportunity to be heard.

Having determined that the Illinois courts lacked jurisdiction to hear Lanae's petition for dissolution of marriage and that the Italian decree is entitled to recognition and enforcement in Illinois, we find it unnecessary to address the remaining issues raised on appeal beyond the issue of jurisdiction.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MANNING, P.J., concurs.

JUSTICE BUCKLEY, dissenting:

I respectfully dissent.

Petitioner's residence in Illinois at the time of the commencement of this action gave the circuit court subject matter jurisdiction to entertain the filing of a petition for dissolution of marriage under the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 101 *et seq.*). The Act's jurisdictional requirement that "one of the spouses was a resident of this State *** and the residence *** had been maintained for 90 days next preceding the commencement of the action or the making of the finding" (Ill. Rev. Stat. 1987, ch. 40, par. 401(a)) has been interpreted as requiring 90-day residency at the time of the court's *ultimate decision* on the dissolution petition and as granting circuit courts' jurisdiction to grant temporary relief where one of the spouses maintains a residence in Illinois at the commencement of the action. (*In re Marriage of Mates* (1987), 156 Ill. App. 3d 26, 28-29, 508 N.E.2d 1181, 1182-83.) The circuit court also had subject matter jurisdiction as to the child custody dispute pursuant to section 601 of the Act, which incorporates the UCCJA's jurisdictional provisions, and section 4(a)(2) of the UCCJA (Ill. Rev. Stat. 1987, ch. 40, par. 2104). In addition, the circuit court acquired *in personam* jurisdiction over respondent because he was personally served in Illinois according to the required statutory procedure. *In re Marriage of Pridemore* (1986), 146 Ill. App. 3d 990, 497 N.E.2d 818.

Having subject matter jurisdiction as to all issues before it and personal jurisdiction over respondent, the next appropriate issue confronting the circuit court was the effect of the Italian court decree, which consisted of a separation agreement providing for custody, child support and maintenance. As to the decree's custody provisions, the UCCJA's recognition and enforcement provisions became opera-

tional. These provisions mandated recognition of the Italian custody decree if the Italian court had assumed jurisdiction under statutory provisions substantially in accordance with the UCCJA and if reasonable notice and opportunity to be heard were given all affected persons. (Ill. Rev. Stat. 1987, ch. 40, pars. 2124, 2114.) While the UCCJA's jurisdictional provisions do not require personal jurisdiction but operate *quasi in rem*, the UCCJA sets forth provisions to encourage and assure that affected persons are given the opportunity to have their day in court. (*In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 346, 458 N.E.2d 559, 563; Commissioners' Prefatory Note, Unif. Child Custody Jurisdiction Act, 9 U.L.A. 114 (1979).) Petitioner's complaint here sufficiently brought into question whether the Italian decree met these jurisdictional standards by alleging facts sufficient to support a finding that the agreement and Italian decree were procured by coercion and duress, thereby denying petitioner an opportunity to be heard. The circuit court, therefore, should have given petitioner an evidentiary hearing to determine whether she was afforded an opportunity to be heard in the Italian court.

In any event, the UCCJA's mandatory recognition provisions did not require the dismissal of the dissolution of marriage petition, as it operates only with regard to custody determinations and not with regard to marital judgments or property division, maintenance and support matters. Furthermore, recognition of the Italian judgment under comity principles would be improper here because the judgment cannot be found to be *res judicata* as to the petition for dissolution of marriage filed in Illinois since it is not a divorce decree but merely a legal separation agreement.

Thus, the circuit court's dismissal of the petition for dissolution of marriage and the petition for a temporary restraining order and preliminary injunction seeking temporary custody of the child should have been reversed.