No. 90-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

NYE & MEYER, P.C.,

      Plaintiff and Respondent,

  v.

EMMA JEAN HANDO,

      Defendant and Appellant.

FILED

DEC 11 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Don Edgar Burris, Esq., Billings, Montana

      For Respondent:

      Jerrold L. Nye, Esq., Nye & Meyer, P.C., Billings,
Montana

Submitted on Briefs:  November 8, 1990

Decided:  December 11, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Emma Jean Hando appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County. That order, entered pursuant to the parties' stipulation, dismissed this action for lack of subject matter jurisdiction.

Nye & Meyer, P.C., brought this action to recover attorney fees for representing Hando in a claim for Social Security disability benefits. Hando counterclaimed for intentional infliction of emotional distress, abuse of process, and malpractice. Both parties moved for summary judgment. At a May 30, 1990, hearing, the parties orally stipulated that this matter was dismissed for lack of subject matter jurisdiction. The court so ordered. Hando then acquired new counsel who attempted to have the order of dismissal reconsidered and now appeals to this Court arguing that the stipulation is not binding and that the case should be reinstated.

Lack of subject matter jurisdiction may be raised at any time. In re Marriage of Cox (1987), 226 Mont. 176, 179, 736 P.2d 97, 99. However, it does not follow that the presence of subject matter jurisdiction may be re-claimed following a stipulation that it is absent and an order of dismissal. We hold that Hando is bound by her stipulation and the order dismissing this case. Both parties' requests for sanctions are denied.

Affirmed. Let remittitur issue forthwith.

2

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

3