RITA HERMANN, Plaintiff-Appellee, v. GEORGE HERMANN, Defendant-Appellant.

Third District   No. 3—90—0854

Opinion filed September 12, 1991.

Samuel N. Warsawsky, of Chicago, for appellant.

Sheila Donahue Kramer, of Prairie State Legal Services, of Kankakee (Michael O'Connor, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Rita Hermann, and the defendant, George Hermann, were married in 1984 in Kankakee, Illinois. The couple then moved to Tennessee. The husband returned to Illinois shortly thereafter. The wife returned in November of 1988. The wife filed a petition for dissolution of marriage on January 18, 1989. On November 5, 1990, the court entered a judgment of dissolution and final property settlement. The husband's first attorney, Joseph Yurgine, withdrew from the case on March 9, 1989. During the course of the proceedings, the court granted the husband several continuances to employ new counsel.

He repeatedly failed to do so.

Finally, the court set May 22, 1989, as one of the *two* hearing dates on the division of marital property. On May 22, 1989, the husband appeared without counsel. The wife was again present with counsel and ready to proceed. The husband made an oral motion to continue, which the court denied. The husband proceeded *pro se*. On appeal, the husband contends (1) the court lacked subject matter jurisdiction over the case; (2) the court abused its discretion when it denied his oral motion to continue on May 22, 1989; and (3) he was denied his sixth amendment right to counsel by the court's ruling. We affirm.

The wife filed a petition for dissolution of marriage on January 18, 1989. At the time of filing, she had not resided in Illinois for 90 days. On January 31, an order of protection was entered. The husband was present at this hearing through his attorney, Joseph Yurgine. On February 6, 1989, the court found that grounds for dissolution existed, *but did not enter a judgment of dissolution.* On March 9, 1989, an agreed order of protection was entered by the parties' respective counsel. Yurgine then moved to withdraw from the case. The court granted the motion and continued the case until April 11, 1989, for the husband to employ new counsel. On April 11, the husband appeared without counsel. The court continued the setting of a trial date on the property settlement until May 2, 1989.

On May 2, the husband failed to appear nor had an appearance of counsel been filed. The court set the cause for hearing on May 15, 1989. On that date, the husband again failed to appear. The plaintiff was present with counsel and ready to proceed. The court reset the hearing date for May 22, 1989. The husband was given timely notice of this new hearing date. On May 22, 1989, the hus-

band was present but had failed to secure counsel. The husband made an oral motion to continue. The husband stated that he needed the continuance to hire an attorney. The court denied the motion. The first of *two* hearings on the remaining matters was held.

On June 1, 1989, the husband's attorney on appeal, Samuel Warsawsky, filed an unsigned appearance in the trial court and filed a motion to vacate the judgment of dissolution. The motion was set for hearing on November 21, 1989. On that date, Warsawsky failed to appear. The husband appeared and the court denied the motion. The court found that since no judgment of dissolution had yet been entered, there was nothing to vacate.

The husband then filed some 17 *pro se* motions or notice of hearings. The motions contended that the court lacked jurisdiction to enter a judgment of dissolution and that the husband had been denied his right to counsel at the May 22, 1989, hearing. The court set the second hearing for "Judgment for Dissolution of Marriage; Property and All Remaining Issues" for October 17, 1990. On that date, Warsawsky again failed to appear. At the conclusion of the hearing, the court took the matter under advisement and rendered a written order on November 5, 1990.

■ Contrary to the defendant's contentions, the court possessed subject matter jurisdiction over the case. First, the wife resided in Illinois for more than 90 days prior to the *judgment* of dissolution. Section 401(a) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act or Act) (Ill. Rev. Stat. 1989, ch. 40, par. 401(a)) requires a party to be domiciled in Illinois for 90 days prior to the court's *final decision* in order for the court to have jurisdiction. (*In re Marriage of Mates* (1987), 156 Ill. App. 3d 26, 508 N.E.2d 1181.) The purpose of the 90-day requirement is to allow newly arrived litigants to petition for relief under the Act without having to wait 90 days. The 90-day wait between arrival and final judgment, however, is necessary in order to assure a sufficient nexus between the forum State and the action. See 9A U.L.A. §302, at 122 (1979).

Even if we were to accept the defendant's argument that the Dissolution Act requires a party to have resided in Illinois 90 days before dissolution proceedings can be commenced, the defendant admits *he* was domiciled in Illinois for more than 90 days prior to his wife's filing for divorce. Under the Dissolution Act, *either* spouse's presence in Illinois for the requisite amount of time vests the court with jurisdiction.

■ Next, the husband contends the court abused its discretion when it denied his oral motion to continue on the day of hearing. A motion for continuance, except where it is based upon a statutory cause, is addressed to the sound discretion of the trial court. (*Kehrer v. Kehrer* (1960), 28 Ill. App. 2d 296, 171 N.E.2d 239.) Once a case has reached the trial stage, the moving party must give especially grave reasons for the continuance because of the potential inconvenience to the witnesses, the parties and the court. (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852.) In the case at bar, the defendant did not allege any good cause existed for his failure to procure counsel. Nor did he offer any affidavits in support of his motion. The trial court gave the defendant more than ample opportunity to employ counsel. Denying the defendant's oral motion to continue on the day of hearing was not an abuse of discretion.

Nor do we find that the court treated the defendant unfairly or improperly during the hearing held on May 22 as claimed by defendant. A review of the record reveals that the court informed the defendant that it could not act as his attorney or give him legal advice. When the defendant encountered problems laying the proper foundation for exhibits or correctly formulating questions, he repeatedly requested guidance from the court. The court again informed the defendant it could not act as his trial counsel. When the defendant persisted, the court admonished the defendant accordingly. The defendant's confusion as to the rules of evidence is understandable, but it would be improper for a court to conduct extensive examination of witnesses or usurp the functions of counsel. (*People v. Santucci* (1962), 24 Ill. 2d 93, 98, 180 N.E.2d 491.) The court's refusal to act as counsel for the defendant was proper.

■ Finally, the defendant claims his sixth amendment right to counsel was violated by the court's refusal to grant him a continuance on May 22, 1989. The sixth amendment applies to criminal prosecutions. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525; *Dear v. Locke* (1970), 128 Ill. App. 2d 356, 262 N.E.2d 27.) The cases the defendant cites in support of his argument are either criminal or quasi-criminal in nature. The very words of the sixth amendment limit its scope to criminal proceedings: "In all criminal prosecutions, the accused shall enjoy \*\*\* the Assistance of Counsel for his defense." (U.S. Const., amend. VI.) It would be an extravagant expansion of the sixth amendment to hold that it applies equally to civil and criminal proceedings. Certainly the defendant had the right to employ counsel. In fact, the trial

court gave him every opportunity to do so. But by his own delay, the defendant waived his opportunity to be represented by counsel.

For the aforesaid reasons, the judgment of the circuit court of Kankakee County is affirmed.

Judgment affirmed.

STOUDER, P.J., and GORMAN, J., concur.