EZEQUIEL ALMODOVAR, Plaintiff-Appellee, v. DEAN LENT, Defendant-Appellant.

First District (4th Division)   No. 1—89—3102

Opinion filed November 5, 1992.

Law Offices of Robert E. Zeitner, of Chicago (Julie L. Friedman, of counsel), for appellant.

John F. Eichler & Associates, of Chicago (Rhonda L. Walker, John F. Eichler, and Floyd Perkins, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Dean Lent, defendant, appeals from an order of the circuit court of Cook County denying his motion for a continuance. On appeal, the issues are whether the trial court (1) abused its discretion when it denied defendant's motion for a continuance and (2) erred when it refused defendant's proposed nonpattern jury instruction.

We affirm.

This appeal arises from injuries sustained by Ezequiel Almodovar, plaintiff, after he was shot while patronizing defendant's tavern. On March 27, 1978, at approximately 6:30 p.m., plaintiff went to the Clark Street Tap bar with friends. He had visited the bar several times and knew defendant, the owner of the bar. He also knew Moises Figueroa, the bartender. Plaintiff and his friends were frisked as they entered the bar.

At approximately 9 p.m., three men who were playing pool began to argue. The argument ended, but after a few minutes it began again. Defendant, who was sitting at the bar, told the men to "cool it." The argument began a third time and defendant told the men that he was not going to tell them again. One of the men, Ignus Kholl, swung at defendant but missed. The bartender asked defendant what he should do, to which defendant replied that he should do nothing and wait.

A few minutes later, Kholl threatened defendant and took another swing at him. Defendant testified that one of the men with Kholl pulled out a gun, fired several shots in the air, and then ran toward the middle of the bar. At this point defendant yelled to the bartender to "get them, get them." He further stated that the lights went out and that several guns were fired.

Plaintiff testified that after defendant yelled to the bartender to "get them," the bartender reached under the bar and pulled out a gun. The bartender then jumped over the bar and began shooting at the men who were running toward the front door. In turning to shoot, the bartender was facing plaintiff and Nelson Roman, plaintiff's friend. Plaintiff further testified that the bartender aimed and shot in his (plaintiff's) direction, striking him in the face. He further stated that no one else in the room was shooting a gun. Plaintiff's testimony was corroborated by Roman's testimony.

After the shooting, plaintiff was taken to the Illinois Masonic Hospital emergency room. Plaintiff testified that while at the hospital, he had a conversation with a policeman and an assistant State's Attorney. He stated that he told them what had happened. The police officer and the assistant State's Attorney also interviewed other victims of the shooting. The left side of plaintiff's jawbone was shattered as a result of the shooting. Plaintiff underwent surgeries and lost 35% to 45% of the bone comprising his left jaw.

Plaintiff filed suit against defendant, d/b/a Clark Street Tap, in 1980. The matter was assigned for trial to the Honorable Stephen Schiller on May 12, 1989. Judge Schiller addressed discovery requirements and set a trial date. The court also required the parties to prepare a list of their respective witnesses and continued the trial to June 12, 1989.

On May 30, 1989, defendant moved to continue the June 12, 1989, trial date based on the medical unavailability of defense witness Chicago police officer James McDonough. The trial court directed defendant to determine the medical availability of the witness for trial or evidence deposition. Additionally, the court inquired into the materiality of the testimony but no offer of proof was made at that time.

On June 21, 1989, defendant renewed his motion to continue the trial date. The motion was granted over plaintiff's objection and the case was continued to June 26, 1989. Defendant was instructed to determine the medical availability of Officer McDonough and offer proof of the materiality of his testimony.

On June 26, 1989, when the parties appeared for trial, defendant moved for another continuance. Defendant could make no further offer of proof beyond that contained in his motion to continue. The trial court refused to grant a continuance. The trial court noted that this was a 1980 case and that there was no assurance as to when the proposed witness would be available or that the evidence would be material. Further, the court held that even if the witnesses were available, their testimony would be hearsay.

After the evidence was presented, defendant submitted a proposed instruction modifying Illinois Pattern Jury Instructions, Civil, No. 120.06 (2d ed. 1985) (IPI Civil 2d). IPI Civil 2d No. 120.06 states as follows:

"The owner of property owes an invitee the duty to exercise ordinary care to keep the premises reasonably safe for the use by the invitee."

Defendant's instruction quoted the proposed instruction directly, apart from changing the phrase "owner of property" to state "owner of a tavern." In addition, defendant added the following language, citing the case of *Getson v. Edifice Lounge, Inc.* (1983), 117 Ill. App. 3d 707, as support therefor: "The owner of a tavern has no duty to protect invitees from unforeseeable criminal attacks by third persons."

Plaintiff objected to the use of this instruction because it was negative in format and, in the form proposed, it unduly emphasized or created a new factual issue in the case that would be misleading and confusing. Plaintiff also maintained that the proposed instruction did not properly state the law applicable to the case at bar and noted that the existence of a legal duty does not depend upon foreseeability alone. The trial court refused to give the nonpattern jury instruction and limited the instruction to the language set forth in IPI Civil 2d No. 120.06.

After deliberations, the jury returned a verdict in favor of plaintiff in the amount of $172,800.

On appeal, defendant contends that the trial court abused its discretion when it refused to grant a continuance so as to allow him additional time to present his witnesses.

■■ "A motion for continuance, except where it is based upon a statutory cause, is addressed to the sound discretion of the trial court." (*Hermann v. Hermann* (1991), 219 Ill. App. 3d 195, 198.) "Once a case has reached the trial stage, the moving party must give especially grave reasons for the continuance because of the potential inconvenience to the witnesses, the parties and the court." (*Hermann*, 219 Ill. App. 3d at 198.) Further, "[a] defendant seeking a continuance to secure the presence of witnesses must make an offer of proof of that proposed testimony." *People v. Camp* (1990), 201 Ill. App. 3d 330, 338.

■ We believe that the trial court acted well within its discretion in denying defendant's motion for a continuance. In this case, the trial court had already granted defendant three continuances after the trial assignment. On each of these three court dates, the trial court specifically directed defendant to state the substance and offer the

materiality of Officer McDonough's testimony. In denying defendant's last request for a continuance, the trial court noted that defendant failed to demonstrate the materiality of Officer McDonough's testimony and he did not state when the witness would be able to testify.

Defendant did not move for a continuance until after the cause had been set for trial and was therefore required to make an offer of proof as to materiality of the witness' testimony. Defendant's motion stated that Officer McDonough had scheduled surgery and that he had interviewed the victims of the shooting. The motion failed to relate the substance of the proposed testimony or explain how the testimony would be relevant or admissible to this lawsuit. We find that defendant's offer of proof demonstrating the materiality of Officer McDonough's testimony did not meet the requirements necessary to warrant an additional continuance.

Similarly, defendant failed to make a showing as to when the assistant State's Attorney would be available. Nor was there a showing as to the materiality of the assistant State's Attorney's testimony.

Defendant attempts to infer that the witnesses would have impeached plaintiff's testimony by showing that he stated that someone other than the bartender shot him. Our review of the record supports the trial court's finding that the proffered testimony was immaterial and unduly prejudicial. We therefore find that the trial court did not abuse its discretion when it denied defendant's request for a continuance.

Defendant also contends that the trial court erred in refusing his proposed non-IPI jury instruction.

The application of non-IPI jury instructions was explained in *Rios v. Navistar International Transportation Corp.* (1990), 200 Ill. App. 3d 526, as follows:

> "The law concerning the giving of non-IPI instructions is derived from Supreme Court Rule 239 (107 Ill. 2d R. 239) and the case law interpreting this rule. Basically, the law states that Illinois Pattern Jury Instructions (IPI), which were devised for a court to instruct a jury on the law in an impartial and non-argumentative manner, shall be used unless the court determines that they do not accurately state the law. [Citations.] The use of non-IPI instructions in addition to IPI instructions is improper where the IPI instructions correctly and adequately charge the jury. [Citation.] By the same token, however, each party has the right to have the jury instructed on his or her theory of the case, and the trial court must instruct the jury on all issues which it finds, in the exercise of its discretion, have

been raised by the evidence presented." *Rios*, 200 Ill. App. 3d at 534-35.

Applying these principles to the case at bar, we do not believe the trial court abused its discretion in finding the IPI instructions correctly and adequately charged the jury on the issues raised by the evidence presented. "It is a well-established principle of tort law that a proprietor of a business establishment owes the business invitee the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition." (*Fravel v. Morenz* (1986), 151 Ill. App. 3d 42, 45.) Here, the issues instruction did not raise the question as to whether a third person on defendant's property shot plaintiff. Thus, there was no basis for a jury instruction on the law of landlord liability for injuries committed by third party invitees. Further, we agree with plaintiff that defendant's nonpattern jury instructions, as proposed, were argumentative and confusing. We believe the instruction that was given fairly and correctly stated the law applicable to the issues and facts as presented. We therefore find that the trial court did not err in refusing to instruct the jury with the non-IPI instructions tendered by defendant.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.